HOOD RIVER COUNTY et al.,
Plaintiffs and Appellees,

v.

The UNITED STATES of America By and Through the DEPARTMENT OF LABOR, and Peter J. Brennan, Individually and in his capacity as Secretary of Labor, Defendants,

Oregon Rural Opportunities, Inc., formerly known as the Valley Migrant League, Intervenor-Defendant and Appellant.

HOOD RIVER COUNTY et al.,
Plaintiffs and Appellees,

v.

The UNITED STATES of America, etc., et al., Defendants and Appellants,

Oregon Rural Opportunities, etc.,
Intervenor-Defendant.

HOOD RIVER COUNTY et al.,
Plaintiffs and Appellants,

v.

The UNITED STATES of America, etc., et al., Defendants and Appellees,

Oregon Rural Opportunities, etc.,
Intervenor-Defendant.

Nos. 75–3774, 76–1111 and 76–1201.

United States Court of Appeals,
Ninth Circuit.

Feb. 26, 1976.

1237

Don S. Willner (argued) of Willner, Bennett, Riggs & Skarstad, Portland, Or., for appellant in 75–3774 and appellee in 76–1201.

Harry R. Silver, Atty. (argued), Civil Div., U. S. Dept. of Justice, Washington, D. C., for appellant in 76–1111.

Richard E. Alexander (argued) of Williams, Montague, Stark, Heifield & Norville, Portland, Or., for appellant in 76–1201 and 76–1111 and appellee in 75–3774 and 76–1111.

Before WRIGHT and GOODWIN, Circuit Judges, and McGOVERN,* District Judge.

* The Honorable Walter T. McGovern, Chief Judge, United States District Court for the Western District of Washington, sitting by designation.

**1238**

PER CURIAM:

Seven Oregon counties, two nonprofit corporations, and a public agency sued in the district court to enjoin the Secretary of Labor from disbursing funds and to declare illegal his grant of funds to the intervenor, Oregon Rural Opportunities, Inc. (ORO). Plaintiffs appeal from the denial of standing [1] to claim that the Department of Labor acted wrongfully in awarding funds to a private, nonprofit organization. The defendants appeal from the declaratory judgment insofar as it declared ORO ineligible to receive the grant.

The challenged grant to ORO was made under the Comprehensive Employment and Training Act of 1973 (CETA), Act of Dec. 28, 1973, Pub.L. 93–203, 87 Stat. 839, Subchapter III, 29 U.S.C. §§ 871–885 (1970 ed., Supp. IV). Subchapter III provides for the funding of migrant and seasonal farmworker manpower programs.

The Secretary of Labor promulgated 29 C.F.R. § 97.205 (1974), providing that eligible applicants included both "prime sponsors" as defined in 29 U.S.C. § 812 (1970 ed., Supp. IV), and private nonprofit organizations. ORO (not a prime sponsor) and others, including Migrant Indian Coalition for Coordinated Child Care, Inc. (MIC), filed pre-application qualification statements. ORO was designated a qualified applicant, and was subsequently deemed a grantee. The government and ORO signed a contract in March 1975 and amended it in August of that year.

The test for standing is found in *Association of Data Processing Service Organizations, Inc. v. Camp,* 397 U.S. 150, 90 S.Ct.

827, 25 L.Ed.2d 184 (1970), and *Barlow v. Collins,* 397 U.S. 159, 90 S.Ct. 832, 25 L.Ed.2d 192 (1970). *Data Processing* and *Barlow* require: (1) that plaintiff suffer an injury in fact (which need not be economic); (2) that plaintiff is arguably within the zone of interests to be protected by the statute sought to be enforced; and (3) that the statute does not preclude review.

■ The district court ruled that the public entities had standing only on their claim that they were denied their statutory opportunity to review and comment on ORO's application.[2] The opportunity was not provided because the notice requirements of the Office of Management and Budget were not followed. Granted that these plaintiffs had standing as to this issue, the issue is now moot. The government has agreed to comply with the OMB requirements in the future, and, although the district court found that the 1975 award to ORO was improper, the court refused to enjoin those payments, and the year has ended.

■ The district court determined that MIC had standing to raise the remaining claims[3] because it was a competitor of ORO for the grant from the Department of Labor. The mere determination that a party is a competitor, however, is not of itself sufficient to support standing.

First, the CETA program is aimed at aiding migrant workers, not the organizations which receive the funds. In its brief, MIC does not assert that it even arguably comes within the zone of interests to be protected by the statute. But, even if MIC were deemed to be asserting such an inter-

---

1. Standing on this issue was denied to all plaintiffs except the Migrant and Indian Coalition for Coordinated Child Care, Inc. (MIC). Because we conclude that MIC in fact lacked standing as to this issue, we consider the standing of the remaining plaintiffs to contest the issue.

2. One of the two private plaintiffs, Hood River Grower-Shipper Association, was denied standing as to all claims raised.

3. Plaintiffs claimed that (1) the defendants failed to timely invite eligible applicants to sub-

mit qualification statements, (2) the defendants promulgated regulations which allowed organizations not eligible for participation under CETA III to participate in CETA III programs, and (3) the defendants did not require ORO to submit a proper comprehensive manpower statement as required by CETA.

The court granted the plaintiffs' motion for summary judgment on claim II, but denied the motion on claims I and III. On its own motion, the court then entered summary judgment for defendants on those claims.

est, it has failed to indicate in any substantial fashion how it has suffered injury in fact.

■ A general allegation, as in MIC's complaint, that they have been adversely affected is insufficient. *Natural Resources Defense Council, Inc. v. EPA,* 507 F.2d 905, 908–911 (9th Cir. 1974). The trial court did not find that MIC in fact was injured, and nothing in the record would support such a finding.

■ The remaining plaintiffs contest the district court's denial to them of standing to attack the award to ORO. They seek to challenge the authority of the Secretary to designate nonprofit corporations (including ORO) as eligible applicants. Neither they nor MIC allege any monetary damage as a result of the grant to ORO. The only possible contentions which could be construed as actual injury to plaintiffs (including MIC) are emotional distress to members of governing boards, duplication of services to the communities served by the public entitles and MIC, and possible confusion in role perception in these communities. None of these alleged injuries, however, is substantial enough to support standing.

The Supreme Court has said that "an organization whose members are injured may represent those members in a proceeding for judicial review." *Sierra Club v. Morton,* 405 U.S. 727, 739, 92 S.Ct. 1361, 1368, 31 L.Ed.2d 636, 645 (1972). The sparse record made below does not show that any members of the plaintiff organizations have been injured as a result of the government's grant to ORO, nor does it state what type of injury could be anticipated.

Except for the now moot point concerning compliance with OMB requirements, upon which the district court correctly found the public-entity plaintiffs to have standing to sue, the court should have dismissed all other claims for want of standing.

The judgment below is vacated, and the cause is remanded with directions to dismiss the action without prejudice. The mandate will issue forthwith.