549 P.2d 613

**In the Matter of the Appeal In MARI-COPA COUNTY, JUVENILE ACTION NO. JS–1109.**

**No. 1 CA–JUV 44.**

Court of Appeals of Arizona,
Division 1,
Department C.

May 18, 1976.

Bruce E. Babbitt, Attorney, Gen., by Joseph C. Richter, Asst. Atty. Gen., Phoenix, for appellee.

Wallace J. Baker, Jr., Phoenix, for appellant.

## OPINION

HAIRE, Chief Judge, Division 1.

The Court on its own motion has raised the question of its jurisdiction to consider this appeal from the juvenile court's entry of an order terminating the parent-child relationship previously existing between the appellant-mother and her minor child.

On September 24, 1975, the judge of the juvenile court entered a minute order containing appropriate findings together with an order terminating appellant's parental rights. Appellant's notice of appeal was not filed until January 19, 1976, well after the expiration of the 15 day appeal period allowed by Rule 25(a), Rules of Procedure for the Juvenile Court, A.R. S. 17A. Therefore, the appeal was not timely, and this Court has no jurisdiction except to dismiss the appeal. *See In The Matter of The Appeal in Maricopa County,* Ariz.App., 549 P.2d 580 (filed May 13, 1976).

In reviewing the trial court record in this matter, we note that after the minute entry order of September 24, 1975, a formal written and signed "Findings of Fact and Order" was entered on October 16, 1975. Thereafter, on October 27, 1975, appellant's counsel filed a motion for new trial. Although as we have stated above, this appeal must be dismissed because of the untimely filing of the notice of appeal, for the purpose of giving guidance on a related issue to counsel involved in practice before the juvenile court, we point out that there are no provisions in the juvenile rules authorizing the filing of a motion for new trial, and, more importantly, that the filing of such a motion does not operate to extend the 15 day period allowed by Rule 25(a) for the filing of a notice of appeal. The rules governing appeals in juvenile matters simply do not contain any provisions similar to the provisions of Rule 73(b)(2), Rules of Civil Procedure, 16 A. R.S. Thus, even if, contrary to our opinion in 1 CA–JUV 42, *supra,* we were to consider the formal written signed order of

October 16, 1975 as the appropriate appealable order, still the notice of appeal filed in this matter on January 19, 1976, was not timely.

Since the appeal must be dismissed as untimely, we need not consider the effect of appellant's failure to file with his notice of appeal a "concise statement of the grounds for the appeal supported by a memorandum of authorities" as required by Rule 25(b), Rules of Procedure for the Juvenile Court, 17A, A.R.S.

The appeal is dismissed.

NELSON, P. J., and EUBANK, J., concur.