619 P.2d 33

**CITY OF TUCSON, a municipal corporation, Petitioner,**

**v.**

**SUPERIOR COURT OF PIMA COUNTY, Arizona, The Honorable William N. Sherrill, Court Commissioner, Superior Court of Pima County,**

**and**

**ABC Trade Schools, Inc., an Arizona Corporation, and Chaparral Career College, Inc., an Arizona Corporation, Real Parties in Interest, Respondents.**

**No. 2 CA–CIV 3765.**

Court of Appeals of Arizona, Division 2.

Oct. 24, 1980.

Frederick S. Dean, City Atty., by Brad Detrick, Tucson for petitioner.

Thikoll, Johnston & Rosen by Dennis A. Rosen, Tucson, for respondents.

## OPINION

HOWARD, Judge.

Real parties in interest, plaintiffs in a pending law suit against petitioner, are seeking an injunction to prevent the Tucson

Skill Center–Pima Community College from receiving certain federal funds. Petitioner moved to dismiss the complaint on the ground that plaintiffs had not exhausted their administrative remedies and the denial of the motion is the subject of this special action. Denial of a motion to dismiss is an interlocutory, non–appealable order and, under appropriate circumstances, this court will grant special action relief. *Industrial Commission v. Superior Court*, 5 Ariz.App. 100, 423 P.2d 375 (1967). We believe such circumstances exist and we assume jurisdiction.

■ Petitioner is a prime sponsor as provided in the Comprehensive Employment and Training Act (CETA). The congressional purpose in passing the act in 1973 was to provide job training and employment opportunities for economically–disadvantaged, unemployed, or under–employed persons by a flexible and decentralized system of federal, state and local programs. 29 U.S.C.A. Sec. 801; *Papa v. Ravo*, 70 A.D.2d 59, 419 N.Y.S.2d 698 (1979). It was not intended to subsidize the employers of those persons. *Decker v. U.S. Department of Labor*, 473 F.Supp. 770 (E.D.Wis.1979). It is therefore questionable whether the plaintiffs here, mere competitors for public funds, have sufficient standing to challenge the award of funds to another organization. *Hood River County v. U.S. Department of Labor*, 532 F.2d 1236 (9th Cir. 1976).

We accept as true all well–pled allegations in plaintiffs' complaint: (1) That the petitioner accepted the recommendation for CETA funding to a competitor which resulted in violations of pertinent regulations, and (2) that a conflict of interest existed with regard to a member of the planning council which made the funding recommendation.

As substantially enacted in 1978, 29 U.S.C.A. Sec. 816 establishes a comprehensive scheme for processing grievances. The two–tier system creates a grievance procedure maintained by the prime sponsor as well as one under the aegis of the secretary of Labor after the complainant has exhausted or failed to achieve resolution of the grievance at the local level. The secretary may impose a variety of sanctions for discrimination and other failures of the prime sponsor. 29 U.S.C.A. Sec. 816(c)(1) and (2). Judicial review from final action of the secretary of Labor by the United States Court of Appeals is provided for in 29 U.S.C.A. Sec. 817(a).

■ The doctrine of exhaustion of administrative remedies applies when a claim is cognizable in the first instance by the administrative agency alone. *Minor v. Cochise County*, 125 Ariz. 170, 608 P.2d 309 (1980). Our Supreme Court has indicated that even where otherwise proper, the exhaustion of remedies rule should not be summarily applied where jurisdiction of the agency is contested, the agency's expertise is unnecessary, or irreparable harm will be caused to the parties by requiring the exhaustion of administrative remedies. See *Campbell v. Chatwin*, 102 Ariz. 251, 428 P.2d 108 (1967). We do not believe that these exceptions apply here.

Plaintiffs did not exhaust their administrative remedies under the act. They claim, however, that under the act itself, a private right of action may be brought pursuant to 29 U.S.C.A. Sec. 816(*l*), which provides:

"The existence of remedies under this section shall not preclude any person, who alleges that an action of a prime sponsor or of any other recipient violates any of the provisions of the chapter or the regulations promulgated under the chapter, from instituting a civil action or pursuing any other remedies authorized under Federal, State, or local law."

We reject their position and agree with the rationale of the recent Second Circuit case of *CETA Workers' Organizing Committee v. City of New York*, 617 F.2d 926 (2nd Cir. 1980). In that case, suit was brought by CETA program participants against New York City, the prime sponsor, and various officials in charge of portions of the program's administration. Suit was also brought against various contractors and subrecipients of the city as well as against the secretary of Labor and the re-

gional administrator of CETA. The Court of Appeals reviewed the comprehensive two–tier grievance procedure and stated:

> "The totality of these provisions, comprehensive and well–crafted to the Act's administrative, institutional, and political exigencies, affirms the primacy and suggests the exclusivity of the grievance procedures, at least in cases seeking redress against a prime sponsor or other recipient of funds. The provisions certainly do not comport with statutory construction encouraging or even allowing a concomitant private right of action." 617 F.2d at 930–931.

The court further stated that given the conjunction of sections 816 and 817 as part of the elaborate grievance procedure subject to judicial review, "we think it would be curious construction to say that when action is not 'precluded' it is thereby *ex proprio vigore* authorized." 617 F.2d at 931. It concluded that because Congress had been less than clear on what it meant, the most that could be said about section 816(*l*) was that should an implied right of action exist, the elaborate provisions of sections 816 and 817 would not bar its assertion.

■ In *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), the Supreme Court articulated four general factors to be considered in determining whether a private remedy was implicit in a statute not expressly providing for one. These factors include (1) whether the plaintiff was " 'one of the class for whose *especial* benefit the statute was enacted' "; (2) whether there was "any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one"; (3) whether implication of such a remedy was "consistent with the underlying purposes of the legislative scheme"; and (4) whether the cause of action was "one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on *federal law*." 422 U.S. at 78, 95 S.Ct. at 2087. (Emphasis in original). The Second Circuit applied these factors and concluded

that there was an implied right of action under the act.

■ Based upon the criteria established by the Court in *Cort v. Ash*, supra, we conclude that a private remedy was not implicit in the act. As noted above, the CETA program was not intended to benefit employers or potential employers. *Decker v. U.S. Department of Labor*, supra. We agree with the Second Circuit in *CETA Workers' Organizing Committee v. City of New York*, supra, that the second and third criteria are not met:

> " . . . because CETA provides a comprehensive administrative procedure for determination of complaints, under which the Secretary is authorized to correct violations of the Act . . . subject to judicial review. . . . Congress, relying on the Secretary's expertise and ability to balance the various elements of the program in the interest of the various recipients, present and future participants, and so on, has established an elaborate system of administrative review, which would appear intended to be exclusive.[6] " 617 F.2d at 933–934.

In footnote 6, the Court distinguished its own recent case of *Hark v. Dragon*, 611 F.2d 11 (2nd Cir. 1979), where CETA participants attacked a Vermont state policy limiting CETA participation to one year. It pointed out that exhaustion of administrative remedies in *Hark* would have been futile, since the policy under attack had been suggested by the Department of Labor and that issue was purely a legal one. Furthermore, the *Hark* panel reached the merits directly, without exhaustion of administrative remedies, on the basis of jurisdiction over the constitutional claims of plaintiffs, with only pendent jurisdiction over the statutory claims, and did not reach the question of whether the district judge was correct in holding that 29 U.S.C.A. Sec. 816(*l*) authorized the plaintiffs to sue without exhaustion of the administrative procedures set forth in the act.

The essence of plaintiffs' complaint against petitioner concerns procedural errors in the assessment of their funding bids

and in the valuation of the bid of the successful competitor. Such matters clearly should be left to the secretary's expertise and ability to balance the various elements of the program. As to the fourth criterion of *Cort*, we cannot say that it would be inappropriate to infer a cause of action based solely on federal law. The mere fact that plaintiffs allege that a state employee recommended that federal funds be granted to another state agency, thereby violating the Arizona conflict of interest statute, A.R.S. Sec. 38–502, does not make this a cause of action "traditionally relegated to state law in an area basically a concern of this state" under the fourth factor of *Cort v. Ash*, supra. Whether there was a conflict of interest within the purview of the Arizona statute and whether it tainted the recommendation of the Planning Council is a matter of concern for the secretary since this is a federal program involving federal funds.

■ We hold that plaintiffs have no private cause of action. Failure to exhaust administrative remedies bars their lawsuit. *School Crossing Guards Ass'n, etc. v. Beame*, 438 F.Supp. 1275 (S.D.N.Y.1977).

The order of the respondent court denying petitioner's motion to dismiss is vacated with directions to enter an appropriate order of dismissal.

HATHAWAY, C. J., and RICHMOND, J., concur.