745 P.2d 190

**DEL E. WEBB COMMUNITIES, INC., a corporation; Rancho Romero Co., a corporation; Rancho Vistoso Co., a corporation; Samcor, Inc., a corporation; Wolfswinkel Group, a corporation; and Pima County Board of Supervisors, Petitioners,**

v.

**SUPERIOR COURT OF the STATE of ARIZONA, In and For the COUNTY OF PIMA; and Honorable J. Richard Hannah, a Judge thereof, Respondents,**

and

**The GOLDER RANCH FIRE DISTRICT, an Arizona special district, Real Party in Interest.**

No. 2 CA–SA 87–0092.

Court of Appeals of Arizona, Division 2, Department A.

Oct. 20, 1987.

Reconsideration Denied Nov. 9, 1987.

Bilby & Shoenhair, P.C. by Andrew M. Federhar and Harold C. Warnock, Tucson, for petitioners.

Bogard & Larriva by Phillip H. Larriva, Tucson, for real party in interest.

OPINION

LACAGNINA, Chief Judge.

In this special action, the petitioners challenge the superior court's denial of their motion to dismiss the action below for lack of subject matter jurisdiction. We accept jurisdiction and grant relief. Rule 3(b), Rules of Procedure for Special Actions, 17A A.R.S.; *City of Tucson v. Superior Court of Pima County*, 127 Ariz. 205, 619 P.2d 33 (App.1980).

The issue is whether Golder Ranch Fire District is a "person aggrieved" entitled to prosecute an appeal to the superior court from the board of supervisors' decision under A.R.S. § 48–262(A)(6) (Special Pamphlet 1986). We find that the fire district is not entitled to appeal pursuant to that statute.

The petitioners herein are the Pima County Board of Supervisors, a named defendant below, and various corporations owning land in Pima County. The subject land was apparently annexed into the Golder Ranch Fire District in the early 1980's. Pursuant to A.R.S. § 48–262, the corporate petitioners sought to have their lands withdrawn from the fire district. The board of supervisors, by order, allowed the withdrawal. The fire district filed a notice of appeal with the board of supervisors and filed a complaint "for review of administrative decisions" in the Pima County Superior Court challenging the decision of the board. Petitioners moved to dismiss the complaint for lack of subject matter jurisdiction and, by minute entry dated September 4, 1987, the respondent judge denied the motion.

The statutes governing the creation and boundary changes of various special taxing districts, including fire districts, are A.R.S. §§ 48–261 and –262. Specifically, § 48–262 defines the procedures to be followed by any person desiring to propose any change to a fire district's boundaries. Pursuant to that statute, a petition is initially considered by the governing body of the district. The district's determination is then appealable to the county board of supervisors. Section 48–262(A)(6) provides:

A *person aggrieved* by a decision of the governing board under this section may appeal to the board of supervisors of the county in which the district, or a majority of the district, is located, and a *person aggrieved* by the board of supervisors may appeal to the superior court of the county in the manner prescribed by title 12, chapter 7, article 6 and by posting a bond equal to the probable costs conditioned that the appellant will prosecute his appeal and will pay all costs that accrue in the court if a judgment is rendered affirming the decision of the board

of supervisors. *The court shall require the district governing board to pay all costs that accrue in the court, including reasonable attorney fees, and the bond shall be returned to the appellant, if a judgment is rendered in favor of the appellant.*

(Footnote omitted, emphasis added.) Petitioners argue that the fire district is not a "person aggrieved" entitled to prosecute an appeal under the statute quoted above.

■ There is no absolute right to an appeal. That right exists only where specifically created by statute. *County of Pima v. State Department of Revenue, Division of Property and Special Taxes,* 114 Ariz. 275, 560 P.2d 793 (1977). A.R.S. § 12–902(A) defines the general scope of judicial review of administrative decisions as follows:

This article applies to and governs every action to review judicially a final decision of an administrative agency except public welfare decisions pursuant to title 46, or where the act creating or conferring power on an agency or a separate act provides for judicial review of the agency decisions and prescribes a definite procedure for the review.

Thus, review in this case is specifically circumscribed by § 48–262(A)(6).

■ The fire district argues that the instant case is no different from the situation presented in *California Portland Cement Co. v. Picture Rocks Fire District,* 143 Ariz. 170, 692 P.2d 1019 (App.1984). In *California Portland Cement,* we decided an appeal brought by the fire district after the cement company was allowed to withdraw its land from the fire district. When *California Portland Cement* was decided, procedures for withdrawal of property from district territory were governed by A.R.S. § 9–1007, and appeal rights were specifically defined in § 9–1007(I) as follows:

Any person aggrieved by the final order of the board [of supervisors], whether it denies or grants the relief prayed for in the petition, may appeal to the superior court of the county ... by filing with the

board a bond in double the amount of the probable costs, to be approved by the board, conditioned that the appellant will prosecute his appeal to effect and will pay all costs that accrue in the court.... The cause shall thereupon stand for trial in the superior court in the county on the record and such further evidence as may be received by the court in its discretion.

We find that the statutory change embodied in § 48–262(A)(6), which was substituted for § 9–1007(I), distinguishes the situation presented here from *California Portland Cement Co. v. Picture Rocks Fire District.* The last sentence of § 48–262(A)(6), read together with the remaining language of the statute, must be interpreted to mean one thing, that the district is not a "person aggrieved" or an "appellant" for purposes of that statute.

Section 48–262(A)(6) provides that a person aggrieved may appeal and post a bond to pay all costs accrued if the appeal is unsuccessful, but that the district must pay all costs accrued if the "appellant" successfully challenges the decision of the board of supervisors. The limiting use of the word "appellant" in the statute leads us to conclude that A.R.S. § 48–262(A)(6) precludes appellate review by the districts which it governs.

Both parties rely on the general definition of "person" found in A.R.S. § 1–215(24). That statute, however, by its terms will apply "unless the context otherwise requires." In view of our discussion above, we believe the context of § 48–262(A)(6) requires the interpretation we have given it.

In opposing the petitioners' motion to dismiss below, the fire district alternatively moved to amend its complaint. In its motion to amend, the fire district asked the court to consider its complaint as a special action should the court grant the petitioners' motion to dismiss the appeal. In its response to the petition for special action in this court, the fire district alternatively asks us to grant the same relief.

While we find that the fire district is not a "person aggrieved" entitled to prosecute an appeal from the board of supervisors'

decision under § 48–262(A)(6), we do not believe that the fire district is without a remedy. Special action proceedings may well be the proper vehicle to challenge the board of supervisors' decision. The fire district, however, has not petitioned for special action or cross-petitioned in this court. Therefore, we do not grant the alternative relief sought in its response.

The order of the superior court denying petitioners' motion to dismiss is vacated with instructions to the court to enter an order dismissing the complaint filed by the Golder Ranch Fire District.

HOWARD, P.J., and ROLL, J., concur.