799 P.2d 27

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY, Petitioner,**

v.

**The Honorable James DON, a Judge for the Superior Court of the State of Arizona, County of Pinal, Respondent,**

**and**

**John Lee HOWARD, and Minor Children, Real Parties in Interest.**

**No. 2 CA–SA 90–0123.**

Court of Appeals of Arizona, Division 2, Department B.

Sept. 4, 1990.

---

Robert K. Corbin, Atty. Gen. by C. Eileen Bond, Phoenix, for petitioner.

Roer & Hamilton by Lynn T. Hamilton, Chandler, for minors.

Lorona and Associates by Michael Hickman, Mesa, for father.

## OPINION

HOWARD, Judge.

The Arizona Department of Economic Security has brought this special action to challenge the respondent court's granting of a motion to file a delayed appeal in a severance action. Because we believe the respondent court acted in excess of its jurisdiction in granting the motion, we assume jurisdiction and grant relief. Ariz.R.P. Spec. Action 1 and 3, 17B A.R.S.

The real party in interest is the natural father of two children, the subjects of two Pinal County actions to sever parental rights. On April 5, 1990, the respondent court signed a formal order terminating the parental rights of both the father and the children's mother. The mother filed a timely notice of appeal, but the father did not. On July 17, the father, through counsel, filed a motion to file a delayed appeal and on July 23, over petitioner's objection, the court granted the motion and extended the time for filing the appeal to August 13. In his motion to file a delayed appeal, the father informed the court that after the severance order was entered, his counsel filed a motion to withdraw which was granted on May 10. On May 15, new counsel was appointed to represent the father, and apparently the fact that a notice of appeal was not filed on behalf of the father was not discovered until later. Nothing in the record suggests that the father ever requested that an appeal be filed, let alone one filed within the time limit.

■ There is an absolute right to an appeal in criminal cases. Ariz.Const. art. II, § 24. However, in civil matters there is no absolute right to an appeal, and the right exists only where it has specifically been created by statute. *Del E. Webb Communities, Inc. v. Superior Court of the State of Arizona, In and For the County of Pima,* 155 Ariz. 132, 745 P.2d 190 (App.1987); *Pima County Juvenile Action No. S–933,* 135 Ariz. 278, 660 P.2d 1205 (1982); *County of Pima v. State Department of Revenue, Division of Property and Special Taxes,* 114 Ariz. 275, 560 P.2d 793 (1977); *Kemble v. Porter,* 88 Ariz. 417, 357 P.2d 155 (1960). Because the right of appeal in civil matters is statutory in nature, appeals can only be taken at a time and in a manner provided by express grant of statutory provision. *Lount v. Strouss,* 63 Ariz. 323, 162 P.2d 430 (1945); *Wendling v. Southwest Savings & Loan Association,* 143 Ariz. 599, 694 P.2d 1213 (App. 1984).

Appeals from final orders of juvenile court are governed by Ariz.R.P.Juv.Ct. 25(a), 17B A.R.S. At the time that the final order was entered in this case, Rule 25(a) specified that an appeal must be taken within 15 days after the final order is entered in the minutes of the juvenile court. Rule 29(c) specifically prohibits the granting of an extension of the time for filing an appeal, stating:

(c) Any requests for extensions of time shall be made to the presiding judge of the juvenile court and shall be governed by the provisions of Rule 6(b), Rules of Civil Procedure; provided, however, that the time specified in Rule 25(a) for the taking of an appeal and in Rule 28(a) for the filing of a petition for review may not be extended.

■ As our supreme court has said, the procedural aspects of processing an appeal are subject to the exclusive regulation of that court, but the substantive right to appeal is statutory and that court may not diminish or alter that right. *Pima County Juvenile Action No. S–933*, 135 Ariz. 278, 660 P.2d 1205 (1982). The right to appeal in a parental severance action is set forth in A.R.S. § 8–236, which provides:

A. Any aggrieved party in any proceeding under this title may appeal from a final order of the juvenile court to the court of appeals in the manner provided in rules of procedure for the juvenile court as promulgated or approved by the Arizona supreme court, except the name of the child shall not appear in the record of the appeal, the juvenile court record number assigned to that case substituting for the name.

Division One of this court was faced with the matter of a delayed appeal in a severance action in *Maricopa County Juvenile Action No. JS–1109*, 26 Ariz.App. 518, 549 P.2d 613 (1976). The court found that the appeal had to be dismissed because the notice of appeal was untimely filed, pointing out that:

[T]here are no provisions in the juvenile rules authorizing the filing of a motion for new trial and, more importantly, that the filing of such a motion does not operate to extend the 15–day period allowed by Rule 25(a) for the filing of a notice of appeal. The rules governing appeals in juvenile matters simply do not contain any provisions similar to the provisions of Rule 73(b)(2), Rules of Civil Procedure, 16 A.R.S.

26 Ariz.App. at 518, 549 P.2d at 613.

■ The juvenile rules do not provide a procedure for filing a delayed appeal. In criminal cases, Ariz.R.Crim.P. 32, 17 A.R.S., provides such a procedure, and it has been held that a juvenile may seek a delayed appeal under Ariz.R.S.Ct. 16(a), 17A A.R.S., which allows delayed appeals in criminal cases. *Maricopa County Juvenile Action No. J–73355*, 110 Ariz. 207, 516 P.2d 580 (1973). Rule 16 has been superceded by Ariz.R.Crim.P. 32, delegating the authority to grant a delayed appeal to the superior court, *see State v. Rodriquez*, 27 Ariz.App. 689, 558 P.2d 717 (1976), but Rule 16 still governs juvenile delayed appeals. *State v. Berlat*, 146 Ariz. 505, 707 P.2d 303 (1985). It is settled under *Berlat* that a juvenile has the right to seek a delayed appeal in the criminal context. However, we are unable to find any basis for the granting of a delayed appeal from a juvenile court's order in a civil case. We acknowledge that the severance of the parent-child relationship is a severe and final step. However, it is still a civil matter and, as such, is without the constitutional guarantee of the right to an appeal. Absent such constitutional guarantee, and absent any statutory authority to allow the circumscribing of the time limits for the filing of a notice of appeal, we find that the respondent court acted in excess of its jurisdiction in granting the motion to file a delayed appeal. Therefore, the order granting the motion is vacated.

FERNANDEZ, C.J., and ROLL, P.J., concur.