Phillip W. Thornburg and Virginia Thornburg, Petitioners *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued March 9, 1979, before Judges CRUMLISH, JR., DISALLE and CRAIG, sitting as a panel of three.

*Lucinda A. Bush,* with her *Mark A. Senick,* for appellants.

*Linda M. Gunn,* Assistant Attorney General, with her *Edward P. Carey,* Assistant Attorney General, for appellee.

OPINION BY JUDGE CRAIG, October 24, 1979:

Phillip and Virginia Thornburg appeal from a decision of the Department of Public Welfare (DPW) affirming the denial of their request for benefits under the Aid to Families with Dependent Children (AFDC) program.

The Thornburgs (claimants) applied for assistance under 55 Pa. Code §153.43(a)(3) which accords AFDC eligibility to children deprived of parental support or care if either parent has a physical or mental incapacity.[1]

DPW regulations provide the requirements for a finding of physical incapacity, as follows:

Physical or mental incapacity exists when either one of the parents living with the child has a physical or mental defect, illness, or impairment which *substantially reduces or eliminates the ability of the parent to support or care for the child.* The incapacity must be proved. (Emphasis added.)

55 Pa. Code §153.43(c)

---

[1] Claimants had been receiving public assistance from October 7, 1976 to November 23, 1976 under 55 Pa. Code §153.43(a)(4) which authorizes AFDC for children of unemployed fathers. These payments were terminated when Mr. Thornburg obtained full employment.

Another regulation at 55 Pa. Code §153.44(c)(2)(i) provides that an impairment, to be one which substantially reduces the parent's ability to support or care for the children, must be found to have "more than just a minor effect" on the parent's abilities.

Claimants allege the existence of evidence indicating that Mrs. Thornburg was incapacitated under the law because she suffered from constant severe headaches which resulted in a reduction of her ability to support or care for her two children.

However, Mrs. Thornburg's own testimony substantially supports the hearing examiner's findings, that:

. . . .

7. She testified that when the severe headaches occur, she usually manages the children as best as she can, by trying to lie down when they are napping.

8. Since Mr. Thornburg began work in the fall of 1976, he has stayed home from work five or six times to care for the children because of his wife's headaches.

9. No one else assisted Mrs. Thornburg in the care of her children.

. . . .

Claimant also testified that, when she participated in a nurse's aide training program, which she was forced to quit because she lost the services of her babysitter, the severity of her headaches diminished. Claimant was participating in the program on the advice of her doctor.

The hearing examiner therefore concluded that claimant's ability to support and care for her family had not been substantially reduced by her headaches and therefore claimant was not incapacitated under the regulations.

The hearing examiner's determinations were based on substantial evidence and were in accordance with the law. Therefore we affirm DPW's decision.

We also deny claimant's request for a remand on the ground that an answer to a question in the transcript had been omitted because it was inaudible at the hearing.

The record is not so defective as to preclude understanding; moreover, because there is substantial evidence in the record for our review, the omission is not critical. Therefore a remand for a clarification of the answer is unnecessary. *Palmer v. Department of Public Welfare*, 5 Pa. Commonwealth Ct. 407, 291 A.2d 313 (1972).

## ORDER

AND Now, this 24th day of October, 1979, the order of the Pennsylvania Department of Public Welfare, dated May 31, 1977, denying claimants' appeal, is affirmed.