633 P.2d 330

**ARIZONA STATE LAND DEPARTMENT, Arizona Board of Appeals, Defendants-Petitioners,**

v.

**The SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF COCHISE and the Honorable Richard J. Riley, a Judge thereof, Plaintiffs-Respondents,**

**Dan CRACCHIOLO and Joseph U. Cracchiolo, Plaintiffs-Respondents and Real Parties in Interest.**

No. 15320.

Supreme Court of Arizona, In Banc.

June 15, 1981.

Rehearing Denied July 21, 1981.

Robert K. Corbin, Atty. Gen. by Russell A. Kolsrud and Karen L. Schroeder, Asst. Attys. Gen., Phoenix, for defendants-petitioners.

Lesher, Kimble & Rucker, P. C. by Robert O. Lesher, Tucson, for plaintiffs-respondents and real parties in interest.

CAMERON, Justice.

We granted this petition for special action pursuant to Art. 6, § 5 of the Arizona Constitution and Rule 1, Rules of Procedure for Special Actions, 17A A.R.S., along with *Gladden Farms, Inc. v. State,* 129 Ariz. 512, 633 P.2d 325 (1981), No. 15374, and *City of Sierra Vista v. Babbitt,* 129 Ariz. 524, 633 P.2d 333 (1981), No. 15360, filed this day, because the question raised is one of state-wide importance and there is no equal, plain, speedy and adequate remedy by appeal.

The facts necessary for a determination of the matter are as follows. The land in question was located in Cochise County and leased by Dan and Joseph Cracchiolo, respondents and real parties in interest, under a grazing lease issued by the petitioner, Arizona State Land Department, when the City of Sierra Vista filed an application to purchase the land. On 27 September 1979, the Arizona State Land Department issued a certificate of purchase for 640 acres of Section 34 to the City of Sierra Vista for the "purpose of wastewater treatment facilities, disposal of wastewater as well as other governmental purposes including park and recreation uses."

The land was appraised at $960,000.00 or $1,500.00 per acre. The City of Sierra Vista paid $96,000.00 down and was to pay the balance of $960,000.00 in annual installments of $34,560.00 with interest at 7% per annum. The City of Sierra Vista accelerated payment and paid the outstanding balance in the sales agreement on 10 December 1980.

The lessees challenged the sale to Sierra Vista in the Superior Court of Cochise County. On 9 December 1980, Judge Richard J. Riley granted the lessees' motion for summary judgment. The judgment provided in part:

" * * * that the sale to the City of Sierra Vista of Section 34, Township 21 South, Range 21 East, Cochise County, Arizona, was and is void and of no force and effect; that the provisions of Arizona Revised Statutes, Sec. 37–132(4) to the extent that those provisions purport to authorize sale of State trust lands to the City of Sierra Vista without public auction is in contravention of the Enabling Act, Sec. 28, and the Constitution of Arizona, Art. X, * * * "

From this judgment, the Arizona State Land Department brought this petition for special action which we accepted for the

reasons stated above. The City of Sierra Vista was not a party to the action between the lessees and the State Land Department in the trial court. The City of Sierra Vista filed a separate action in this court. Because the City of Sierra Vista asked for different and additional relief in its separate action, we denied a motion to consolidate.

As to the major issue, we have held in *Gladden Farms, Inc. v. State*, supra, that Sec. 28 of the Arizona Enabling Act, 1 A.R.S., requires that a sale of a fee to a state agency, the Arizona Division of Emergency Services, must be by advertisement, auction and sale to the "highest and best" bidder. The same reasoning applies with equal force when a municipal corporation such as the City of Sierra Vista is the purchaser of state school trust lands. Any such sale is void, and insofar as the statute, A.R.S. § 37–132(A)(4), would allow such a sale without auction and bid, the statute is contrary to the Enabling Act and is also void. A.R.S. § 37–249; Sec. 28, Enabling Act, 1 A.R.S. The judgment of the Superior Court declaring void the sale of the land to the City of Sierra Vista is therefore affirmed.

There is one other matter we must decide in this case. The Arizona State Land Department contended in the trial court that the lessees did not have standing to bring the action in the Superior Court because they had failed to exhaust their administrative remedies. The order from which the lessees appealed this matter to the Superior Court reads as follows:

"The Commissioner has and does hereby appraise the land at $1500 per acre. Total land Appraisal, $960,000.00, and the Improvements at $11,436.00. The Department determines that the interests of the State will not be prejudiced by the sale of said land and it is the decision of the Commissioner and Department that said land and improvements be sold according to the provisions of the related law."

The Department contended that A.R.S. § 37–214(A), which provides:

"An appeal from a final decision of the state land commissioner relating to classification or appraisal of lands or improvements may be taken to the board of appeals by any person adversely affected by the decision. * * * "

requires that the matter had to be submitted to the Board of Appeals of the State Land Department before appealing the matter to the Superior Court. We do not agree. The lessees appealed to the Superior Court on 21 September 1979. A.R.S. § 37–214(D) then provided:

"An appeal from a * * * final decision of the commissioner not relating to the classification or appraisal of lands or improvements may be taken by the commissioner or any person adversely affected by the decision to the superior court * *."

The lessees do not question the appraisal of the land or the improvements thereon. They were questioning the decision of the Commissioner to sell the land. Therefore, an appeal from a final decision of the land commissioner "relating to classification or appraisal of lands or improvements" as provided by A.R.S. § 37–214(A) was not involved. Instead, they were appealing from a final decision of the commissioner "*not* relating to the classification or appraisal of lands or improvements," according to former A.R.S. § 37–214(D). The lessees were, in effect, appealing a decision of the commissioner determining that the land and the improvements be sold pursuant to the request of the City of Sierra Vista. The lessees, therefore, had standing to bring the action into the Superior Court.

Affirmed.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and HAYS, J., concur.

NOTE: Justice FRANK X. GORDON, Jr., did not participate in the determination of this matter.