633 P.2d 333

**CITY OF SIERRA VISTA, a municipal corporation, Petitioner,**

v.

**Bruce E. BABBITT, as Governor of the State of Arizona; Rose Mofford, as Secretary of State; Clark Dierks, as Treasurer; Arizona State Land Department, a duly created and existing Department of the State of Arizona; and Joe T. Fallini, as Land Commissioner of the State of Arizona, Respondents.**

No. 15360.

Supreme Court of Arizona,
In Banc.

June 15, 1981.

Rehearing Denied July 21, 1981.

Polley & Polley by Wesley E. Polley, Bisbee, for petitioner.

Robert K. Corbin, Atty. Gen. by Russell A. Kolsrud, Asst. Atty. Gen., Phoenix, for respondents.

CAMERON, Justice.

This is a petition for special action filed by the City of Sierra Vista in the nature of mandamus asking that we order the Governor of the State of Arizona, the Secretary of State, the Treasurer, and the State Land Department to issue a patent to some 640 acres pursuant to a certificate of purchase issued by the State Land Department to the City of Sierra Vista. In the alternative, the City asked that it be reimbursed for the price paid for the property and the value of the improvements made on the land. This is one of three cases in which we assumed jurisdiction to consider whether the sale of trust lands to a state political subdivision or municipal corporation without auction and sale to the "highest and best bidder" violates the terms of Sec. 28 of the Arizona Enabling Act, 1 A.R.S. See *Gladden Farms, Inc. v. State*, 129 Ariz. 516, 633 P.2d 325 (1981), No. 15374, and *Arizona State Land Department v. Superior Court*, 129 Ariz. 521, 633 P.2d 330 (1981), No. 15320, both filed this day.

In *Gladden Farms, Inc.*, supra, we held that sale of state school trust lands to state agencies without advertisement, auction and sale to the highest and best bidder, even for the appraised value of the land, violates the auction and bid requirement of the New Mexico-Arizona Enabling Act of 1910. In *Arizona State Land Department v. Superior Court*, supra, we held that a lessee of state lands has standing to object to not only the cancellation of the lease, but

to the sale of that land as well. See *Arizona State Land Department v. Superior Court*, supra.

In this case we must determine whether:

1. sale of state trust lands to a municipal corporation must be by advertisement, auction and sale to the "highest and best" bidder, and

2. whether the City of Sierra Vista is entitled to repayment of the purchase price of the land and the value of improvements placed on the property since the certificate of purchase was issued by the State Land Department.

## SALE TO A MUNICIPAL CORPORATION

Our holding in *Gladden Farms, Inc.*, supra, that school trust lands may not be sold to a state agency without advertisement, auction and sale to the "highest and best bidder" applies with equal force to the sale of state school trust lands to a municipal corporation. The provisions of the Enabling Act and the protection of the trust require that the sale of state school trust lands be by auction and bid. The certificate of purchase to the City of Sierra Vista is therefore void.

## REIMBURSEMENT

Having held that the sale is void, we consider the City of Sierra Vista's request for reimbursement. The City asks:

"In the alternative, for an Order mandating the Respondents to do all things necessary to reimburse Petitioner for the purchase price paid and the reasonable value of the improvements placed on [the property]."

The Enabling Act states:

"Every sale, lease, conveyance, or contract of or concerning any of the lands hereby granted or confirmed, or the use thereof, or the natural products thereof, not made in substantial conformity with the provisions of this Act shall be null and void, any provision of the constitution or laws of the said State to the contrary notwithstanding." § 28, Enabling Act, 1 A.R.S.

Our statute reads:

"A sale made by mistake or not in accordance with law, or obtained by fraud, is void and the certificate or purchase issued thereon is void. The holder of the certificate shall surrender it to the state land department. The department shall, except in case of fraud, refund the money paid thereon to the holder of the certificate, and make compensation to the holder for the actual value of the improvements placed on the land by the purchaser. The value shall be determined by the department and paid from the general fund." A.R.S. § 37–249.

In the instant case, the certificate of purchase is void and pursuant to the cited statute, the City of Sierra Vista is entitled to a return of the purchase price and reimbursement for improvements made upon the land after the issuance of the certificate of purchase. Petitioners allege that they actually paid $1,092,231.30 for the property, plus $3,595,234.00 for improvements. We are unable, from the record before us, to determine the amount to be returned on the purchase price or the value of the improvements made by the City of Sierra Vista and therefore unable to grant the relief requested. The petitioner will have to exhaust administrative remedies pursuant to statute, A.R.S. § 37–249, before seeking relief in the courts. We do not express an opinion as to the amount of reimbursement to the City of Sierra Vista, nor do we express an opinion as to what constitutes an improvement to the lands and the manner in which it is to be valued.

Relief denied.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and HAYS, J., concur.

NOTE: Justice FRANK X. GORDON, Jr., did not participate in the determination of this matter.