684 P.2d 918
**Donald D. SCHMITZ,
Plaintiff-Appellant,**

v.

**The ARIZONA STATE BOARD OF DENTAL EXAMINERS and William J. Polson, Edward F. Sparks, James J. Wong, Donald Beall, J.G. Yount, Matt Wheeler, Joan B. Hayden and Elsie Missumi, in their capacity as members of the Arizona State Board of Dental Examiners, Defendants-Appellees.**

**No. 1 CA–CIV 6438.**

Court of Appeals of Arizona,
Division 1, Department D.

June 21, 1984.

**39**

OPINION

KLEINSCHMIDT, Judge.

This appeal arises out of a decision by the appellee Arizona State Board of Dental Examiners (the board) censuring appellant Donald D. Schmitz, placing him on probation for 12 months, and ordering him to make restitution to a patient for the cost of dental treatment. Schmitz appealed the board's decision to the superior court pursuant to A.R.S. § 12–901 *et seq.* He requested a trial de novo because he contended that the record of proceedings before an investigative committee of the board was inadequate. The trial court denied the request and affirmed the decision of the board on December 30, 1981. This appeal followed. The issues on appeal are whether the transcript of the hearing is so incomplete that it precluded meaningful review by the trial court, and whether the investigative committee had authority to conduct business in the absence of its lay member.

## ADEQUACY OF THE RECORD

The board's investigation was initiated in response to a letter dated June 7, 1980, from the parent of a boy who had been receiving orthodontia treatment from Dr. Schmitz. The letter alleged that Schmitz had recommended against tongue thrust therapy, permitted unsupervised employees to perform adjustments of orthodontic appliances, and failed to advise the patient to wear headgear. The complaint also asserted that as a result of the inadequate service provided by Schmitz, the boy would require extended treatment at additional cost.

After receiving a copy of the letter, Schmitz responded to the allegations in writing. He contended that he had informed the parent that the boy's tongue thrust problem might correct itself during orthodontic treatment, but if it did not correct itself, future therapy might be needed. He denied that his assistants worked on patients in his absence. He also claimed that he had given adequate advice concerning the use of headgear. He further noted that frequent damage to the orthodontic

Castro, Zipf & Rogers by Alfred J. Rogers, Phoenix, for plaintiff-appellant.

Robert K. Corbin, Atty. Gen. by Charles E. Buri, Asst. Atty. Gen., Phoenix, for defendants-appellees.

appliances, the boy's poor hygiene, and failure to keep scheduled appointments had contributed to the poor response to treatment.

The board referred the complaint to an investigative committee which conducted a hearing and issued a report containing findings of fact, conclusions of law and recommendations to the board. The board reviewed the committee report and issued its order censuring Schmitz and directing restitution and probation. Schmitz moved for a rehearing which was denied by the board. He then commenced his appeal in the superior court.

In compliance with A.R.S. § 12–909(B) the board filed a certified record with its answer in superior court. A.R.S. § 12–910(B) provides:

> The trial shall be de novo if trial de novo is demanded in the complaint or answer of a defendant other than the agency and if no hearing was held by the agency or the proceedings before the agency were not stenographically reported or mechanically recorded so that a transcript might be made ....

Schmitz requested a trial de novo on the grounds that although a transcript had been made, it was so inaccurate that the trial court could not properly review the record. The board argued that Schmitz was not entitled to a trial de novo because the proceedings before the investigative committee had been mechanically recorded and a transcript had been made.

The transcript in question consists of 21 pages which contain 32 designations of "inaudible" for comments or testimony of an indeterminate length. Although purporting to reflect testimony by witnesses and questions by committee members, the transcript fails to identify any of the speakers.

■ When reviewing the decision of an administrative agency the trial court must consider whether the agency's action was illegal, arbitrary, capricious or involved an abuse of discretion. *Sundown Imports, Inc. v. Arizona Department of Transportation,* 115 Ariz. 428, 565 P.2d 1289 (App.1977). This scope of review has also been expressed as a determination of whether there is substantial evidence to support the agency decision. *Wickman v. Arizona State Board of Osteopathic Examiners,* 138 Ariz. 337, 674 P.2d 891 (App. 1983); *Justice v. City of Casa Grande,* 116 Ariz. 66, 567 P.2d 1195 (App.1977). When considering whether there is substantial evidence to support the agency's decision, the superior court must review the "entire record." A.R.S. § 12–910(A). *See Arizona State Board of Medical Examiners v. Clark,* 97 Ariz. 205, 398 P.2d 908 (1965). The "entire record" is defined as all evidence received and considered including the transcript. A.R.S. §§ 41–1009(E)(2) and (F).

Whether Schmitz was entitled to a trial de novo depends on the sufficiency of the transcript. *Wallace Imports, Inc. v. Howe,* 138 Ariz. 217, 673 P.2d 961 (App. 1983). We have found no Arizona decisions directly addressing the question of the legal affect of a record similar to the one in the instant case. However, courts in other jurisdictions have considered similar challenges to the sufficiency of an administrative record.

■ The threshold question is whether the record is complete enough to reflect a basis for the board's decision so as to enable a meaningful judicial review. *E.g., Fields v. Kodiak City Council,* 628 P.2d 927 (Alaska 1981). In *State v. Atley,* 157 N.J.Super. 157, 163, 384 A.2d 851, 854 (1978), the New Jersey Superior Court stated:

> [N]o matter how great a deference the court is obliged to accord the administrative determination which it is being called upon to review, it has no capacity to review at all unless there is some kind of reasonable factual record developed by the administrative agency and the agency has stated its reasons grounded in that record for its action.

The test for sufficiency of an administrative record has also been expressed in terms of whether the errors are of such

magnitude that the record precludes an intelligent understanding of the testimony. *Thornburg v. Commonwealth,* 46 Pa. Commw. 592, 406 A.2d 1224 (1979); *Palmer v. Department of Public Welfare,* 5 Pa.Commw. 407, 291 A.2d 313 (1972).

Where there was an 8 page transcript containing 19 "inaudibles" and 47 instances where the speaker was unidentified, the Commonwealth Court of Pennsylvania found that the record precluded judicial review. Noting that the administrative agency takes the risk that an adequate record has been maintained, the court stated:

It is inconceivable to us that the DPW [Department of Public Welfare] examiner and/or the Hearing and Appeals Unit did not recognize immediately the insufficiency of the present record, and order for its own convenience, if not necessity, a new record. Their failure to do so has not only resulted in undue delay in deciding the case but the expense and time of court and counsel for a case involving $273.17, as a result of this negligence is unconscionable.

*Clark v. Commonwealth,* 45 Pa.Commw. 38, 40–41, 404 A.2d 774, 775 (1979).

■ We find that the court should have recognized the insufficiency of the record in the instant case. The transcript consists of paragraphs of statements or questions by unnamed persons. It would be sheer speculation for the reader to attribute testimony to a particular person. In fact, it is often unclear whether there has been a change in speakers. Such a record defies intelligent consideration.

■ The board argues that Schmitz should not be permitted to question the adequacy of the record because he failed to exhaust his administrative remedies. The doctrine of exhaustion of administrative remedies is based on the principle that an agency should have the opportunity to correct its errors before judicial intervention occurs. *See Herzberg v. David,* 27 Ariz. App. 418, 555 P.2d 677 (1976). Apparently, the board is arguing that Schmitz should have informed the board of the errors and

omissions in the transcript of the hearing when it considered the investigative committee's recommendations or later, when it considered his motion for rehearing. However, while the record reflects that the investigative committee's findings of fact, conclusions of law and recommendations were considered by the board, there is no indication that a transcript of the hearing was available to the board or Schmitz at the time his motion for rehearing was filed. Rather, the record shows that a copy of the transcript was delivered to counsel for Schmitz as a supplement to the administrative record that accompanied the board's answer to the complaint in Superior Court. Under these circumstances it cannot be said that Schmitz failed to exhaust his administrative remedies. He was not made aware of the problem with the record until after administrative relief became unavailable to him.

■ The board further argues that Schmitz could have requested that the trial court remand the matter to the board pursuant to A.R.S. § 12–911(A)(7) for the purpose of taking additional evidence or, in the alternative, request that the court hear evidence and correct the record pursuant to A.R.S. § 12–910(A). However, the board ignores the fact that upon request by any party it was responsible for preparing an adequate transcript of the investigative committee meeting. *See* A.R.S. §§ 41–1009(F) and 12–909(B). Further, it ignores the fact that A.R.S. § 12–910(B) provides that the trial *shall* be de novo if a trial de novo was demanded and the proceedings were not reported so that a transcript might be made. *See Didlo v. Talley,* 21 Ariz. App. 446, 520 P.2d 540 (1974). The Administrative Review Act, A.R.S. § 12–901 *et seq.* does not require, in the absence of an adequate record, that an individual must first seek a remand to the agency or a correction of the record.

■ The board also argues that the state of the record did not prejudice Schmitz since he failed to point out to the trial court any admissions or specific de-

fects in the transcript which would have entitled him to prevail. We are unwilling to find that Schmitz was required to fill in the details of an incomplete transcription to show that the missing testimony would mandate reversal.

 Critical testimony regarding the actions taken by two of Schmitz's assistants relative to the charge that he permitted them to act improperly contains five inaudibles. Other critical testimony concerning instructions given about the use of headgear is interrupted with inaudibles in seven places. There are also four missing answers in the transcript dealing with the subject of headgear instructions. Another portion of the transcript contains leading questions where the answer is inaudible. Prejudice is clear where upon review of the entire record the potentially favorable testimony is inaudible. *See generally Aluisi v. County of Fresno*, 159 Cal.App.2d 823, 324 P.2d 920 (1959). We further conclude that prejudice is apparent where the appealing party is entitled to have the court review the "entire record" and the record on appeal is substantially incomplete and the witnesses are unidentified.

 We find no merit in the board's additional contention that Schmitz's complaint failed to comply with the requirements of A.R.S. § 12–909(A) requiring a clear specification of the grounds upon which review is sought. The complaint alleged that the board acted in an arbitrary and capricious manner and abused its discretion. The complaint and the opening brief in the trial court present Schmitz's contention that there was no substantial evidence to support the conclusions of the board based on a review of the entire record and that such review was impossible because of the state of the transcript. We conclude that the transcript in this matter cannot serve as a basis for judicial review.

## ABSENCE OF LAY MEMBER OF THE BOARD

The second issue on appeal is whether the investigative committee could transact business without the participation of its lay member. A.R.S. § 32–1263.02(C) allows the President of the Arizona State Board of Dental Examiners or his designee to refer a complaint or motion to investigate to an investigative committee. The committee must consist of "dentists and lay people". A.R.S. § 32–1263.02(C). Schmitz contends that the committee's actions in this case were void because the lay member was not present at the hearing when the complaint against him was considered. We disagree.

Both Arizona statute and case law authorize a board or committee to conduct business so long as a majority of the members are present. A.R.S. § 1–216 provides:

A. Words purporting to give a joint authority to three or more public officers or other persons shall be construed as giving the authority to a majority of the officers or persons unless it is otherwise expressly declared in the law giving the authority.

B. A majority of a board or commission shall constitute a quorum.

In *Garlington v. Smith*, 63 Ariz. 460, 163 P.2d 685 (1945), the supreme court upheld the action of the state board of medical examiners against a challenge based upon the fact that one member of the board was absent from the meeting at which the appellant's license was revoked.

While we find no Arizona cases precisely on point, the Supreme Court of West Virginia has addressed an argument very close to the one raised here. In *Serian v. State*, 297 S.E.2d 889 (W.Va.1982), the appellant contested the action of the state board of optometry in revoking his license. A West Virginia statute required that a lay person be appointed to the board but the Governor of West Virginia had failed to make such an appointment. A majority of the members of the board that had been appointed were present when appellant's license was revoked. The court, relying on a quorum statute like our own, held that the board had jurisdiction to transact business. While we might not reach the same result as did the West Virginia court under

the facts presented to it, *Serian* obviously lends support to our conclusion.

 Nothing in A.R.S. § 32–1263.02 expressly requires that all members, or that any specific member, of the investigative committee be present at its proceedings. Nothing in the statute would negate the application of the general quorum statute. The record indicates that a majority of the committee conducted the investigation of the complaint against Schmitz. Under A.R.S. § 1–216 the majority had the power to act.

It has also occurred to us that since the committee must be composed of "dentists and lay *people*" that the legislature might have intended that there be more than one dentist and more than one layman on the board. There are two reasons we do not think that that was the intent of the legislature:

First: A.R.S. § 1–214(B) lays down a general rule of statutory construction. It provides:

> Words in the singular number include the plural, and words in the plural number include the singular.

Second: If the legislature had wanted to prescribe the number of people to serve on the committee it would have been easy enough to do so.

We also find that there is nothing in the recent decision of *Caldwell v. Arizona State Board of Dental Examiners*, 137 Ariz. 396, 670 P.2d 1220 (App.1983), which would compel a different result. That case dealt with a statute that required the board, in all matters relating to the certification and discipline of denturists, to promulgate rules providing for assistance and advice from denturists. No such rules had been adopted. The case did not directly deal with existing committees and the effect of the quorum statute.

Since the record is inadequate the judgment of the trial court is reversed and this matter is remanded to the superior court for a trial de novo pursuant to A.R.S. § 12–910(B).

HAIRE and OGG, JJ., concur.