753 P.2d 161

**SEVEN SPRINGS RANCH, INC., and
The Plateau Partnership,
Plaintiffs/Appellants/Cross–Appellees,**

**v.**

**STATE of Arizona, ex rel., ARIZONA DEPARTMENT OF WATER RESOURCES, Salt River Valley Water Users' Association, and Salt River Project Agricultural Improvement and Power District, Defendants/Appellees/Cross–Appellants.**

**2 CA–CV 87–0148.**

Court of Appeals of Arizona,
Division 2, Department A.

Sept. 22, 1987.

Redesignated as Opinion and Publication Ordered Oct. 27, 1987.

Reconsideration Denied Oct. 27, 1987.
Review Denied May 10, 1988.

Allen, Kimerer & LaVelle by Russell A. Kolsrud and Jeffrey R. Simmons, Phoenix, for plaintiffs/appellants/cross-appellees.

Arizona Dept. of Water Resources by Barbara A. Markham, Chief Counsel, Elizabeth A. Rieke, Scot C. Stirling and Scott Larmore, Phoenix, for defendant/appellee/cross-appellant Arizona Dept. of Water Resources.

Jennings, Strouss & Salmon by M. Byron Lewis, John B. Weldon, Jr. and Mikel L. Moore, Phoenix, for defendants/appellees/cross-appellants Salt River Project Agr. Imp. and Power Dist. and Salt River Valley Water Users' Ass'n.

## OPINION

LACAGNINA, Chief Judge.

Seven Springs Ranch, Inc. and the Plateau Partnership (Ranchers) appeal from a judgment declaring they lack standing to argue the invalidity of the 1980 Groundwater Management Act, under § 29 of the Enabling Act and Article X of the Arizona Constitution, and the inapplicability of the public trust doctrine to a decision of the Department of Water Resources (Department) establishing basin and sub-basin boundaries. The Department cross-appeals from the judgment setting aside part of the June 21, 1984 order of the Department eliminating sub-basin boundaries within the Little Colorado River Plateau Basin because of inadequate notice and requiring a new hearing after 90 days' notice.

We reverse that portion of the judgment which set aside the Department's June 21 order and ordered a new hearing, and we affirm the remainder of the judgment.

## PROCEDURAL HISTORY OF CASE

Pursuant to A.R.S. §§ 45–403 and 404[1], administrative hearings were held by the

---

1. § 45–403. Designation of groundwater basins and sub-basins; hearing

A. Within eighteen months of the effective date of this section, the director shall propose boundaries for all groundwater basins and sub-basins of groundwater basins in this state not included within initial active management areas established pursuant to § 45–411.

B. Within twenty-four months of the effective date of this section, the director shall hold public hearings to consider the final boundaries of groundwater basins and sub-basins in this state not included within initial active management areas established pursuant to § 45–411. The director shall give reasonable notice of the hearing appropriate to the circumstances which shall include the publication once each week for two consecutive weeks in a newspaper of general circulation in each county in which the proposed groundwater basin is located. Any notice shall contain the time and place of the hearing, the legal description and a map clearly identifying and describing all lands to be included in the proposed groundwater basin and any sub-

Department throughout the State of Arizona to determine and designate the boundaries of groundwater basins and sub-basins. The terms basin and sub-basin are defined by statute, A.R.S. § 45–402(12) and (28). This case involves the hearings held in Apache County beginning with the initial hearing on April 22, 1982. Notice of the hearing was published pursuant to A.R.S. § 45–403(B). The notice informed the public of the Department's initially proposed sub-basins within the Little Colorado River Plateau Basin. An order of the Department delivered in July 1982 was consistent in most respects with the proposed initial order and sub-basins. Salt River Project, an owner of wells in the basin, requested a rehearing pursuant to A.R.S. § 45–405. The rehearing was held in October 1982, subsequent to published notice and actual notice to all who had attended the April hearing. The ranchers appeared by their attorneys, filed a memorandum, and thereafter filed a post-hearing memorandum in which they argued they had received insufficient notice of the April hearing. In March 1983, the Department issued its notice of proposed elimination of sub-basin boundaries within the Little Colorado River Plateau Basin. The ranchers objected to the proposed elimination of sub-basin boundaries. The June 21, 1984 findings and order of the Department were published on June 29 and July 6, 1984.

The ranchers timely sought review of the June 21, 1984 order pursuant to Arizona's Administrative Review Act, A.R.S. §§ 12–901 to 914, and § 45–405(B). They requested alternative relief from the superior court as follows: (1) a determination that the groundwater code is void by virtue of § 28 of the Enabling Act, or (2) the Department's establishment of sub-basins for each of Salt River Project's well fields, or (3) the Department's reopening of the Apache County hearings and its assessment of the impact of groundwater drawdown on the state's trust lands as well as other nontechnical considerations embodied in the public trust doctrine and the subsequent establishment of sub-basin boundaries accordingly.

The superior court heard motions filed by the Department and Salt River Project sup-

basin and any other information the director deems necessary.

**C.** The hearings shall be held at the county seat of the county in which the major portion of the land in the proposed groundwater basin is located as soon as practicable but no less than thirty days and no more than sixty days after the first publication of the notice of the hearing. At the hearing, the director shall present the factual data in his possession in support of the proposed action. Any person may appear at the hearing, either in person or by representative, and submit oral or documentary evidence for or against the proposed action. In making his determination, the director shall give full consideration to public comment and to recommendations made by local political subdivisions.

**§ 45–404. Findings upon hearing; maps; order for boundaries of groundwater basin; review and modification of boundaries**

**A.** Within sixty days after the hearing, the director shall make and file in his office written findings with respect to matters considered during the hearing. For each groundwater basin, the director shall prepare and file in his office:

1. A map clearly identifying all lands included within the groundwater basin and its sub-basins.

2. Factual data justifying the boundaries of the groundwater basin and its sub-basins.

3. An order designating the boundaries of each groundwater basin and its sub-basins.

**B.** The findings and order shall be published in the manner and for the length of time prescribed for the publication of notice of the public hearing and the order is effective when published for the final time. The materials required by subsection A of this section and a transcript of the hearing are public records of the department and shall be available for examination by the public during regular business hours.

**C.** The director shall file a true copy of the map in the office of the county recorder of the county or counties in which the groundwater basin is located.

**D.** The director may, as conditions require and factual data justify, review and modify the boundaries of any groundwater basin or any sub-basin of a groundwater basin except for groundwater basins and sub-basins of a groundwater basin that are included within an initial active management area. The review and modification of boundaries of a groundwater basin or sub-basin included within a subsequent active management area or irrigation non-expansion area shall follow procedures set forth in §§ 45–417 and 45–438. Any modification of boundaries designated pursuant to this article shall follow as closely as practicable the procedural requirements of § 45–403 and this section.

ported by memoranda, exhibits, the entire administrative file on the Little Colorado River Basin hearings, opposing memoranda from the ranchers, and arguments of each party's counsel.

## NOTICE

■ The legislature mandated hearings for the establishment of boundaries for basins and sub-basins in Arizona outside of the initial active management areas established under A.R.S. § 45–411(A). A.R.S. § 45–403(A), (B) and (C). Subparagraph (B) provides for published notice and the necessary contents of such notice. In addition, the statute gives the Department the discretion to provide "reasonable notice under the circumstances." We find no abuse of discretion in the Department's failure to give actual notice to all lessees of state land for grazing purposes who were drawing water from wells on state land. *The April 1982 hearing was not noticed to determine the rights of parties to use water but only to establish boundaries for basins and sub-basins.*

It was not an adversarial hearing, but was brought for the purpose of legislative factfinding, and therefore, the principles of due process requiring actual notice do not apply. Even assuming inadequate notice, the ranchers suffered no harm because the resulting order establishing two sub-basins was the relief they sought. At the initial April 1982 hearing, a continuance was requested by some ranchers because the magnitude of the data accumulated by the Department for approximately 21 months would be difficult to evaluate or contradict within the 30 to 60 days required by A.R.S. § 45–403(C). The request for continuance was denied, and the trial court on review stated:

If the twenty-four month statutory deadline or the sixty day statutory requirement interfere with due process requirements, the statutory deadlines must give way. The hearings must be conducted in a way to give effect to the overall intent of providing full public i[n]put and so as not to impinge on the right of interested parties to adequate notice. The Depart-

ment is necessarily vested with discretion to vary from the statutory deadlines where necessary, such as by granting a continuance.

On appeal from an administrative agency's decision, the scope of review of the trial court and an appellate court is limited to a determination as to whether the agency acted arbitrarily, capriciously or in abuse of its discretion. *DeGroot v. Arizona Racing Commission,* 141 Ariz. 331, 686 P.2d 1301 (App.1984); *Schmitz v. Arizona State Board of Dental Examiners,* 141 Ariz. 37, 684 P.2d 918 (App.1984). If the review by the superior court had been of the decision and order which followed the April 1982 hearing, we would affirm the trial court's judgment on the basis that the failure to grant a continuance by the Department was arbitrary and an abuse of discretion, *but* the order which followed provided for the establishment of sub-basins, the relief and result the ranchers claim is proper; no harm, no foul.

The ranchers' complaint in this case, however, is from the findings and order of the Department of June 1984, which followed a rehearing requested by Salt River Project and held in October 1982. The ranchers received actual and published notice of the October hearing, appeared through their attorney and filed memoranda. No request for continuance or claim of inadequate notice of the rehearing was made. Thereafter, the ranchers filed a post-hearing memorandum in December 1982, in which they objected to the proposed elimination of sub-basins in the Little Colorado River Plateau Basin.

■ We hold the appearance, participation and submission of memoranda stating their position on the elimination of sub-basins, without objecting to the rehearing for lack of notice of that hearing, waived any claim of inadequate notice of the April 1982 hearing. 73A C.J.S. *Public Administration Law and Procedure* § 135 at 71 (1983); *DeLuca v. Board of Supervisors of Los Angeles County,* 134 Cal.App.2d 606, 286 P.2d 395, 398 (1955). In addition, the superior court was precluded from reviewing the issue of inadequate notice because

of the ranchers' failure to raise that issue before the Department. *See Madsen v. Fendler,* 128 Ariz. 462, 626 P.2d 1094 (1981); *DeGroot v. Arizona Racing Commission, supra.*

■ The trial court erroneously set aside the Department's order of June 1984 (the order before it on review) for lack of notice. In addition, we find the Department followed the statutory definitions in making its determination and there was substantial evidence to support that determination; therefore, we will not disturb the Department's order. Neither a trial court nor an appellate court may weigh the evidence but must affirm the agency's decision if there is substantial evidence to support it. *Maricopa County v. Gottsponer,* 150 Ariz. 367, 723 P.2d 716 (App.1986); *Evans v. State, ex rel., Arizona Corporation Commission,* 131 Ariz. 569, 643 P.2d 14, *cert. denied,* 459 U.S. 808, 103 S.Ct. 33, 74 L.Ed.2d 46 (App.1982).

### STANDING AND PUBLIC TRUST DOCTRINE

■ The trial court correctly determined that the ranchers, as lessees of state land for grazing, lacked standing to present constitutional arguments on behalf of the school trust lands in Arizona. The Enabling Act granted millions of acres of federal land to the State of Arizona, to be held in trust for the support of the common schools. Nothing in the Enabling Act prevents the state from exercising its police power to regulate the use of groundwater through a comprehensive legislative scheme such as the Groundwater Management Act of 1980, A.R.S. §§ 45–401 to 655. *See Cherry v. Steiner,* 543 F.Supp. 1270 (D. Ariz.1982), *aff'd,* 716 F.2d 687 (9th Cir. 1983), *cert. denied,* 466 U.S. 931, 104 S.Ct. 1719, 80 L.Ed.2d 190 (1984); *Town of Chino Valley v. City of Prescott,* 131 Ariz. 78, 638 P.2d 1324 (1981), *appeal dismissed,* 457 U.S. 1101, 102 S.Ct. 2897, 73 L.Ed.2d 1310 (1982).

The trustee of the state school trust land is the State Land Department, and the interest of the school children beneficiaries are represented by the State Superintend-ent of Public Instruction. By designating boundaries for or eliminating basins and sub-basins, as required by statute, the Department in no way determines whether school lands or their products are being sold or leased in violation of provisions of the Enabling Act. In the cases cited by the appellants to support their claim of standing to assert Enabling Act and constitutional claims, the parties were asserting their own legal rights under a lease or certificate of purchase for trust lands. The ranchers' leases with the state are not an issue in this case. *City of Sierra Vista v. Babbitt,* 129 Ariz. 524, 633 P.2d 333 (1981); *Gladden Farms v. State Land Department,* 129 Ariz. 516, 633 P.2d 325 (1981); *Sanchez–O'Brien Minerals Corp. v. State,* 149 Ariz. 258, 717 P.2d 937 (App.1986).

■ The determination of basins and sub-basins by the Department is governed by the statutory definitions of those terms which must be followed. A.R.S. § 45–402(12) and (28).

### § 45–402. Definitions

\* \* \* \* \* \*

12. "Groundwater basin" means an area which, as nearly as known facts permit as determined by the director pursuant to this chapter, may be designated so as to enclose a relatively hydrologically distinct body or related bodies of groundwater, which shall be described horizontally by surface description.

\* \* \* \* \* \*

28. "Sub-basin" means an area which, as nearly as known facts permit as determined by the director pursuant to this chapter, may be designated so as to enclose a relatively hydrologically distinct body of groundwater within a groundwater basin, which shall be described horizontally by surface description.

The ranchers appealed to the superior court seeking a rehearing by the Department to consider the application of the public trust doctrine as a factor in establishing basins and sub-basins. The trial court correctly held:

On the question of the Public Trust Doctrine, the Court concludes that the 1980

Arizona Groundwater Management Act specifies the factors to be considered when drawing basin and sub-basin boundaries; that such factors are exclusive in nature in that no other factors should be considered under the auspices of the Public Trust Doctrine; and that the Department of Water Resources was therefore correct in not considering any factors under such doctrine.

The ranchers' constitutional and public trust doctrine arguments are based upon their claim that since A.R.S. § 45–544(1) permits transportation of groundwater within a basin where there are no sub-basins without payment of damages, Salt River Project has no incentive to conserve water from its wells for use in its St. Johns generating plant and will pump the Little Colorado River Plateau Basin dry, resulting in a decrease in the value of the state's school trust lands leased for grazing.

The simple answer to that complex argument is found in other sections of the comprehensive Groundwater Management Act of 1980. The ranchers can request and present evidence to the Department in support of the creation of subsequent active management areas, A.R.S. § 45–412, and/or take steps to comply with the provisions of § 45–415 which permits local residents in Apache County to initiate an active management area. Within an active management area the Groundwater Management Act provides for strict control over most groundwater through a statutory scheme of rights for users. A.R.S. § 45–451. The ranchers cannot require nor will the courts permit a designation of boundaries for basins and sub-basins that do not meet the statutory definitions of those terms provided by the legislature in A.R.S. § 45–402(12) and (28).

In addition, if and when the ranchers acquire evidence which could establish the existence of sub-basins within the Little Colorado River Basin as defined by statute, they can present that evidence to the Department pursuant to A.R.S. § 45–404(D) and request further hearings on the issue. A refusal to grant a hearing to consider such evidence could then be reviewed by

the trial court pursuant to §§ 45–405 and 12–901.

The judgment of the trial court is affirmed in part and reversed in part as stated above.

HOWARD, P.J., and HATHAWAY, J., concur.