421 P.2d 341

Jesus Jose FERNANDEZ, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, and Kennecott Copper Company, Respondents.

No. I CA–IC 93.

Court of Appeals of Arizona.

Dec. 9, 1966.

Review Granted Dec. 28, 1966.

Gorey & Ely, by Stephen S. Gorey, Phoenix, for petitioner.

Robert K. Park, Chief Counsel, by Howland F. Hirst, Dee-Dee Samet, Phoenix, for respondent Industrial Commission of Arizona.

Fennemore, Craig, Allen & McClennen, by John J. O'Connor, III, Phoenix, for respondent Kennecott Copper Co.

CAMERON, Judge.

Motions for rehearing having been filed by the respondents Kennecott Copper Company and the Industrial Commission of Arizona raising questions concerning the procedure in the above entitled case, as well as the decision itself, we deem it proper to set forth in this supplemental opinion additional matters not covered in the first opinion. Fernandez v. Industrial Commission, 4 Ariz.App. 281, 419 P.2d 542, filed 1 November 1966.

A writ of certiorari was issued out of this Court on 3 January 1966. The Industrial Commission filed its response and certified to this Court all the records and proceedings in case number SW 65, wherein Jesus Jose Fernandez was an applicant and the Kennecott Copper Company the defendant-employer. After extensions of time for the filing of petitioner's brief, the respondent Industrial Commission of Arizona, on 1 July 1966, filed a "Confession of Error and Request for Remand". Respondent Kennecott Copper Company filed its "Response and Objection to Confession of Error and Request for Remand" supported by citations of authority. This Court, on 18 July 1966, denied the request for remand and on 28 September 1966, there having been no brief filed by the petitioner, this Court (pursuant to 23–951, subsec. B, A.R.S. as amended) entered the following order:

> "IT IS ORDERED that this cause be deemed submitted for consideration without argument, the date of the actual consideration hereof to be determined by the Court's calendar."

Respondents Kennecott Copper Company and Industrial Commission of Arizona did not request permission to file a brief in this matter, and on 1 November 1966, we issued our decision and opinion in the above entitled matter.

Both the respondents Kennecott Copper Company and the Industrial Commission have filed petitions for rehearing supported by memoranda of authority.

Respondent Kennecott Copper Company points out that they had no opportunity to file a brief in this matter. With this we cannot agree. The respondent Kennecott Copper Company had an opportunity and did present to us citations of authority in its opposition to the motion of the Industrial Commission of Arizona to remand, and also had an opportunity after our order of 28 September 1966, to petition this Court for permission to file a brief in this matter. In any event, the respondent Kennecott Copper Company has had an opportunity and in fact has filed extensive citations of authority and argument in its petition for rehearing which we have considered.

Respondent Kennecott Copper Company further urges that we had no authority to consider errors in the order of 18 January 1965, and that we were limited solely to reviewing the decision of the Commission made 30 November 1965. Kennecott Copper Company further urges that the fact that petitioner received advice and counsel subsequent to the erroneous advice of the Commission in regard to the order of 18 January 1965, cured any error on the part of the Commission.

We pointed out in Vidal v. Industrial Commission, 3 Ariz.App. 529, 416 P.2d 208 (1966), that an award of the Commission does not become a final award and is not res judicata when the Commission undertakes a duty to give legal advice to a petitioner who is without counsel, and having undertaken it, advises him incorrectly. In Quirk v. Industrial Commission, 3 Ariz.App. 84, 90, 412 P.2d 81, 87 (1966), we observed:

> "* * * (the Commission's) Rules 5 and 8 admonished the workman that he does not need the service of an attorney

and that he has no rights before the Commission except in relation to the use of forms supplied by the Commission."

It is incumbent upon the Commission to follow through on this duty it assumes; see that petitioner is given correct advice and correct forms.

■ The award purportedly issued 18 January 1965, did not become a final award. Petitioner's claim remained open to a petition for rehearing by virtue of the incorrect legal advice he was given by the Commission. The award of 30 November 1965, which purported to deny petitioner a reopening of his claim was without effect, since the claim was still open, Vidal v. Industrial Commission, supra. The fact that petitioner found it necessary to seek counsel to protect his rights after he had relied upon the incorrect legal advice of the Commission and followed it to his detriment, did not excuse the Commission, or operate to correct the error the Commission made in failing to correctly advise the petitioner of his rights.

In its petition for review, the respondent Industrial Commission propounds several questions with regard to the effect of the rule enunciated tentatively in Flannery v. Industrial Commission, infra, and adopted in the opinion in this case, Fernandez v. Industrial Commission, supra:

"If the Industrial Commission issues a second award and uses a 30 day clause in place of a 20 day clause, the Industrial Commission cannot thereby prevent a party from electing not to file a writ of certiorari and the party may, in lieu thereof, make a timely application for rehearing." Flannery v. Industrial Commission, 3 Ariz.App. 122, 125, 412 P.2d 297, 300 (1966).

While not required to do so, we feel that the questions are of public interest and we may answer them. The Commission states, in propounding its questions, that it is assumed in each instance an award has been entered in which a timely petition for rehearing has been filed, and assumes further that following a formal hearing, a decision upon rehearing with a 30 day clause (23951, subsec. A., A.R.S.) is then rendered by the Commission.

## QUESTION NO. 1

■ "If a petition for rehearing is filed within the first 20 days, must the Commission take any affirmative formal action in either granting or denying the petition for rehearing?"

Answer: Yes. The applicable statute reads as follows:

"Upon receipt of the petition, if the issue raised in the petition has theretofore been adequately considered, the commission shall confirm, without hearing, its previous determination. If a hearing is necessary to determine the issues· raised, the commission shall order a hearing therein at such time as is prescribes. * * *" 23-945, subsec. B, A.R.S.

## QUESTION NO. 2

■ "If the Commission must take formal action disposing of the petition for rehearing filed within the first 20 day period, must action be taken

(a) within the first 20 day period (note petitions for rehearing are often filed at the last minute on the 20th day)

(b) within the remainder of the 30 day period,

(c) at any time subsequent to the expiration of the 30 day period?"

Answer: Commission action on the petition for rehearing must be taken within a reasonable time and may be taken subsequent to the expiration of the 30 day period.

## QUESTION NO. 3

"If a petition for rehearing is filed within the first 20 days and the Commission does not take any formal action within the remainder of the 30 day period, may an appeal by certiorari be maintained if not perfected within the original 30 day period?"

■ Answer: Yes. The Commission must take appropriate action upon the peti-

tion for a rehearing which has been timely filed. This must be done within a reasonable time after the petition for rehearing has been filed. If the Commission grants the petition for rehearing, a hearing is held and from the decision of the Commission upon rehearing, the petitioner may again petition for a rehearing or writ of certiorari as he sees fit. If the Commission does not grant petitioner a rehearing but denies same, the right of review to this Court is reserved until 30 days after the Commission denied his petition for rehearing (23–951 A.R.S.).

## QUESTION NO. 4

■ "Does the filing of a notice of protest within the first 20 day period extend the right to file a petition for rehearing to a maximum of 40 days thereby extending the statutory time period for the perfection of an appeal by writ of certiorari (see Rule 37 of the Rules of Procedure before the Industrial Commission of Arizona)?"

Answer: Yes. The 20 day period in which to file a petition for rehearing is provided by the Rules of Procedure before the Industrial Commission of Arizona which were made pursuant to statute (23–922 A.R.S.). A notice of protest, pursuant to Commission Rule 37, extends the time within which the petitioner may file his petition for rehearing, and therefore the petition for rehearing could be extended to a maximum of 40 days. This does not, however, extend the statutory time within which the petitioner may file for a writ of certiorari with this Court, that being provided in 23–951, subsec. A, which states:

"Within thirty days after an application for a rehearing is denied, or if the application is granted, within thirty days after rendition of the decision on the rehearing, any party affected thereby may apply to the court of appeals for writ of certiorari to review the lawfulness of the award."

Upon the denial of the petitioner's petition for rehearing, however, he would then have the 30 days in which to file his writ of certiorari to the Court of Appeals.

## QUESTION NO. 5

"If the Commission issues an order denying rehearing with a 30 day clause, may the claimant again file a petition for rehearing and thereby extend the time for appeal, ad infinitum?"

■ Answer: The question, of course, as propounded by the Commission, begs the answer. The petitioner may not extend the time for appeal ad infinitum by successive petitions for rehearing followed by successive denials by the Industrial Commission, but this is not to say that the petitioner may not file successive petitions for rehearing raising adequate and reasonable questions of law and matters of fact based upon the prior denial of petitioner's motion for rehearing by the Industrial Commission. What is reasonable and how many petitions for rehearing a party should be allowed is a matter to be determined in each case based upon the facts.

■ It should be noted that the basis of these answers are that any party to a Commission proceeding has a duty to point out to the Commission wherein the party believes the Commission has erred and that the Commission should be given every opportunity to correct its errors before the matter is brought to this Court's attention. It may well be that successive petitions for rehearing will be necessary in order to exhaust the administrative remedies of the parties before the Commission. The Commission should be given and should give every opportunity to provide for such hearings as are necessary to accomplish this end.

■ Although there must be an end to litigation when all the evidence has been presented and the law considered, the Commission may not prevent petitioner from presenting further evidence by issuing an award with a 30 day clause pursuant to 23–951 A.R.S., and thereby force a party to file a petition for writ of certiorari with this Court or to accept the decision of the

**450**

■■■■■■■■■■■■■■■

Commission without the opportunity of presenting further evidence as set out in a petition for review filed within 20 days after the Commission's award.

Motions denied.

STEVENS, C. J., and DONOFRIO, J., concur.