513 P.2d 143

**Willie J. ROSS, Jr., Petitioner,**

v.

**The INDUSTRIAL COMMISSION of
Arizona, Respondent,
Thompson Brothers Body Shop and Jim's
Humble Products, Respondent
Employers,
Royal Globe Insurance Company and State
Compensation Fund, Respondent
Carriers.**

**No. I CA–IC 808.**

Court of Appeals of Arizona,
Division 1,
Department A.

Aug. 23, 1973.

Langerman, Begam & Lewis by Noel Fidel, and Jack Levine, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, Phoenix, for respondent The Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, State Compensation Fund by R. Kent Klein, Phoenix, for respondent carrier State Compensation Fund.

Glen D. Webster, Jr., Phoenix, for respondents and cross-petitioner Royal Globe Ins. Co. and Thompson Brothers Body Shop.

OGG, Judge.

This is a review by writ of certiorari from an award of The Industrial Commission granting compensation for temporary disability arising out of an industrially related injury which occurred on December 21, 1970.

Prior to October 1, 1970, petitioner Ross was employed by the respondent, Jim's Humble Products Service Station, and had incurred four compensable back injuries during that employment. After that date he was employed as a painter's helper by respondent cross-petitioner, Thompson Brothers Body Shop. On December 21, 1970, while preparing an automobile for painting, petitioner suffered yet another severe incident involving his back for which he filed a claim with Thompson Brothers. Royal Globe, Thompson's insurance carrier, denied the claim because they believed his injury was due to prior back difficulties which were the subject of claims against respondent Humble Products and its carrier, the State Compensation Fund.

Then, because of the fact that there was some dispute as to which of the two employers was responsible for petitioner's condition subsequent to the December 21, 1970 incident, petitioner filed a petition to reopen one of the prior claims against Humble Products. Upon denial of that petition to reopen the two claims were consolidated and a hearing on both claims was requested. The parties stipulated at the hearings that the record of the prior claim

would be made a part of the record before the Commission.

After copious medical testimony from all three parties, the hearing officer determined that irrespective of any prior back injuries, on December 21, 1970 petitioner sustained a new injury by accident, thus the employer at that time (Thompson) would be responsible for the payment of medical, surgical, hospital and compensation benefits to the petitioner and, further, that the compensation benefits would terminate on August 25, 1971.

On appeal the petitioner sets forth two questions for review. First, was petitioner denied due process of law because the Commission did not consider the record of the prior claim? Second, may cross-petitioner Thompson seek a writ of certiorari from this Court when he failed to seek review of the hearing officer's award before the Commission? Cross-petitioner Thompson has also filed a brief containing different questions but we need only consider these two in order to dispose of all questions presented.

The first issue presented is now moot. Subsequent to the filing of petitioner's brief, an affidavit of the hearing officer was filed with this Court stating that he had considered the record of the prior claim in rendering his decision. Because of this affidavit the parties have agreed not to submit the issue of due process.

The petitioner next asserts that the cross-petitioner has failed to exhaust his administrative remedies by not seeking review of the hearing officer's award before The Industrial Commission and therefore should not be allowed a writ of certiorari from this Court. We agree.

In the case before us, the cross-petitioner presented in his brief a question which he raises for the first time. He did not seek review of his objection with the Commission which we believe is a prerequisite for bringing the objection before the Court of Appeals. As stated in 2 Am.Jur.2d, Administrative Law, § 609, the general proposition is:

"* * * the doctrine of exhaustion of administrative remedies requires a party to make objections to action determined upon, supply information and seek correction of errors before the administrative agency, *particularly if opportunity for correction has been accorded him or if a statute or regulation provides for such procedure by authorizing an application for rehearing, protest, revision, etc., as a matter of right.*" (Emphasis added)

The statutory procedure of The Industrial Commission is set forth in ARS §§ 23–941 through 23–952 which outlines the steps an applicant or other interested party must take, starting with the right to a hearing before a Commission hearing officer and culminating with the right to an appeal to this Court. It should be noted that § 23–951 speaks only of an appeal to this Court after the Commission has reviewed the award of the hearing officer, pursuant to the provisions of § 23–943. The obvious import of this statutory framework is that an appeal cannot be taken from the hearing officer's award; that review must be had at the Commission level first.

In further support of our holding, we cite the following Arizona Industrial Commission cases: Wammack v. Industrial Commission, 83 Ariz. 321, 320 P.2d 950 (1958); Ross v. Industrial Commission, 82 Ariz. 9, 307 P.2d 612 (1957); Fernandez v. Industrial Commission, 4 Ariz.App. 445, 421 P.2d 341 (1966); vacated on other grounds, 102 Ariz. 50, 424 P.2d 451 (1967).

In Fernandez this Court stated: "* * * the Commission should be given every opportunity to correct its errors before the matter is brought to this Court's attention." See also Rule 61, Rules of Procedure before The Industrial Commission of Arizona.

We therefore conclude that a party aggrieved by an award of a hearing officer of The Industrial Commission must first request review by the Commission be-

fore he may raise the questions by writ of certiorari in this Court.

The award of the Commission is affirmed and the writ of certiorari issued to the cross-petitioner is hereby quashed.

DONOFRIO, P. J., and STEVENS, J., concur.