812 P.2d 1105

Shirley BROWN, Petitioner Employee,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

K Mart Corporation, Respondent Employer,

K Mart Corporation, Respondent Carrier.

No. 2 CA-IC 90-0046.

Court of Appeals of Arizona, Division 2, Department A.

March 5, 1991.

Review Denied June 25, 1991.

Tretschok, McNamara & Clymer, P.C. by Patrick R. McNamara, Tucson, for petitioner employee.

Anita R. Valainis, Chief Counsel, Industrial Com'n, Phoenix, for respondent.

Joseph L. Moore, Phoenix, for respondents employer and carrier.

OPINION

LIVERMORE, Presiding Judge.

Petitioner Shirley Brown, injured her back on October 17, 1982, while working for K Mart. Her claim for workers' compensation benefits was accepted and eventually closed with a finding of permanent partial disability, but no loss of earning capacity. Five years later, on October 23, 1987, Brown filed a petition for rearrangement. The petition was granted and she was awarded $269.30 per month for a loss of earning capacity of over 52%. K Mart protested the award and requested a hearing. Thereafter, the parties entered into a compromise and settlement agreement in which it was provided that, as consideration for K Mart's payment to Brown of $22,000

> applicant agrees that hereafter, any supportive medical maintenance to which she or any physician may believe she is entitled in this claim shall be her personal liability as opposed to a liability of the defendant employer, barring reopening subsequent hereto.

The agreement was accepted and approved by the Administrative Law Judge (ALJ) on April 18, 1988.

Thirteen months later, on May 17, 1989, Brown petitioned to reopen her claim. The petition was denied and hearings were held after which the ALJ issued an award denying the petition to reopen, but granting additional supportive care. K Mart timely requested review of the award, but limited the request for review to the issue of whether the settlement agreement released it from liability for supportive care. Within the time allowed for a response to a request for review, but outside the time allowed for the filing of a request for review, Brown filed a Request for Review and Response Request for Review wherein she did not dispute the effect of the settlement agreement, but instead argued exclusively that the petition to reopen was wrongfully denied because the evidence established that Brown was in need of active medical care. Upon motion by K Mart, Brown's request for review was dismissed as untimely, and the award was amended to deny supportive medical care. This appeal followed.

■ An award of the Industrial Commission is final unless a request for review is filed by one of the parties within 30 days of the award's entry. A.R.S. § 23–942(D). The opposing party has 15 days in which to file a response. A.R.S. § 23–943(A). As parties to an administrative proceeding are required to exhaust their administrative remedies before seeking relief in this court, we will not review an issue which has not been raised in a request for review. *Larson v. Industrial Comm'n*, 114 Ariz. 155, 559 P.2d 1070 (App.1976).

■ On appeal, Brown argues that the ALJ erred in dismissing her request for review and in denying her petition to reopen. Because we find that the request for review was properly dismissed, we cannot and do not address the denial of the petition to reopen.

Brown relies on *G.K. Technologies v. Industrial Comm'n*, 155 Ariz. 599, 749 P.2d 389 (App.1988), in support of her argument that "a request for review permits the raising of *all* relevant issues in the response or alternatively in the request for review/response." *G.K. Technologies*

holds that once a party protests a notice of claim status by requesting a hearing, the Industrial Commission gains jurisdiction over the issue raised in the request for hearing, and it cannot be divested of jurisdiction by a later rescission of the notice which prompted the request for hearing. Brown would have us apply the same rule to requests for review. *G.K. Technologies* is distinguished from this case in that the self-insured employer, K Mart, has done nothing to try to divest the Industrial Commission of jurisdiction. Had it sought to do so by withdrawing its request for review, the case might be otherwise. Moreover, even if we were to apply *G.K. Technologies*, we would simply be holding that after K Mart filed its request for review, the Industrial Commission gained jurisdiction over all matters raised in that petition, i.e., the issue of supportive care. Certainly it does not support Brown's argument that the request for review opens *all* possible issues for reexamination.

We also reject Brown's alternative argument which is, as we understand it, that the issue of the denial of the reopening was properly raised and reviewable because the characterization of the medical care Brown was in need of as either "active" or "supportive" goes to the crux of whether the petition to reopen was properly denied. The issue of supportive care as raised by K Mart, however, was clearly in the context of the denial of the petition to reopen and the subsequent effect of the settlement agreement.

Brown had the right to request review of the award denying reopening within 30 days of its entry as mandated by A.R.S. § 23–942(D). Her failure to exercise that right, and thus to exhaust her administrative remedies, precludes review of that issue.

The award of July 19, 1990, dismissing petitioner's request for review, is affirmed.

HATHAWAY and LACAGNINA, JJ., concur.