976 P.2d 872

**SOUTHWESTERN PAINT & VARNISH CO., Plaintiff/Appellant,**

v.

**ARIZONA DEPARTMENT OF ENVIRONMENTAL QUALITY, Defendant/Appellee.**

No. CV–98–0118–PR. ˜

Supreme Court of Arizona, En Banc.

March 16, 1999.

Lenore Tsakanikas, Tucson, Attorney for Southwestern Paint & Varnish Company.

Attorney General Janet A. Napolitano, Phoenix By Marc T. Steadman, Assistant Attorney General, Attorneys for Arizona Department of Environmental Quality.

## OPINION

MARTONE, Justice.

¶1 We are asked to decide whether a party aggrieved by final agency action must seek rehearing before that agency as a prerequisite to judicial review. We hold that, unless a statute specifically directs otherwise, one need not seek rehearing before an agency in order to seek judicial review.

I.

¶2 In September 1995, Southwestern Paint and Varnish Company (Southwestern) sought reimbursement for environmental clean-up costs from the state. In March 1996, the Arizona Department of Environmental Quality (Department) denied the claim. Southwestern appealed under a Department rule and, after an evidentiary hearing, an administrative law judge recommended that the Department affirm the original denial. The director of the Department issued a final decision that adopted the administrative law judge's findings of fact and conclusions of law.

¶3 Under the Department's rules, Arizona Administrative Code R18–1–218, Southwestern could have sought rehearing before the Department. Instead, in October 1996, it filed an action in the Superior Court of Arizona in Pima County seeking judicial review of the Department's final decision. The superior court dismissed the complaint because Southwestern failed to file a motion for rehearing from the Department's final decision.

¶4 The court of appeals reversed and held that the relevant statutes and rule do not require a party to seek rehearing before the agency in order to seek further judicial review. *Southwestern Paint & Varnish Co. v. Arizona Dep't of Envtl. Quality*, 191 Ariz. 40, 951 P.2d 1232 (App.1997). Because of conflicting decisions in the court of appeals, we granted review. Ariz. R. Civ.App. P. 23(c)(3).

## II.

### A. The Conflict

¶5 In *Herzberg v. David*, 27 Ariz.App. 418, 555 P.2d 677 (1976), judges of Division Two sitting in a Division One case held that a party aggrieved by an administrative decision must use a rehearing procedure as a condition precedent to judicial review. Drawing upon A.R.S. § 12–901(2)(1992)[1] and A.R.S. § 12–902(B)(1992),[2] the court concluded that an application for rehearing was an "application for administrative review" within the meaning of § 12–902(B), and therefore judicial review was foreclosed for the failure to file a motion for rehearing. *Id.* at 419, 555 P.2d at 678.

¶6 In *Arizona Law Enforcement Merit System Council v. Dann*, 133 Ariz. 429, 652 P.2d 168 (App.1982), Division One of the Court of Appeals agreed with *Herzberg*, which it characterized as a Division Two case. *Id.* at 432, 652 P.2d at 171. As recently as *Rosen v. Board of Medical Examiners*, 185 Ariz. 139, 143, 912 P.2d 1368, 1372 (App. 1995), Division One followed *Dann* to hold that a motion for rehearing was within the scope of A.R.S. § 12–902(B) such that the failure to file a motion for rehearing precludes judicial review. We granted review in *Rosen*, but ultimately dismissed the case because it had become moot. *Rosen v. Board of Med. Exam'rs*, 186 Ariz. 517, 924 P.2d 1036 (1996).

¶7 While *Herzberg* was governed by the court's understanding of the Administrative Review Act, A.R.S. §§ 12–901 to –914 (1992), *see Foremost Life Insurance Co. v. Trimble*, 119 Ariz. 222, 224, 580 P.2d 360, 362 (App. 1978), a 1976 amendment to the Administrative Procedure Act, A.R.S. § 41–1062(B)(1992), as amended by Laws 1976, ch. 104, § 4, produced similar outcomes.[3] *See Oliver v. Arizona Dep't of Racing*, 147 Ariz. 83, 86, 708 P.2d 764, 767 (App.1985); *Oliver v. State Land Dep't*, 143 Ariz. 126, 128, 692 P.2d 305, 307 (App.1984).

¶8 Against this historic backdrop, Division Two of the Court of Appeals in the instant case decided that the failure to seek rehearing was not a bar to judicial review. *Southwestern Paint & Varnish Co. v. Arizona Dep't of Envtl. Quality*, 191 Ariz. 40,

---

**1.** A.R.S. § 12–901(2) provides in relevant part:

In all cases in which a statute or a rule of the administrative agency requires or permits an application for a rehearing or other method of administrative review, *and an application for a rehearing or review is made,* no administrative decision of such agency is final as to the party applying therefor until the rehearing or review is denied, or the decision on rehearing or review is rendered.
(Emphasis added).

**2.** A.R.S. § 12–902(B) provides in relevant part:

If under the terms of the law governing procedure before an agency an administrative decision has become final because of failure to file any document in the nature of

an objection, protest, petition for hearing or *application for administrative review* within the time allowed by the law, the decision shall not be subject to judicial review under the provisions of this article except for the purpose of questioning the jurisdiction of the administrative agency over the person or subject matter.
(Emphasis added).

**3.** A.R.S. § 41–1062(B) provides:

Except when good cause exists otherwise, the agency shall provide an opportunity for a rehearing or review of the decision of an agency before such decision becomes final. Such rehearing or review shall be governed by agency rule drawn as closely as practicable from rule 59, Arizona rules of civil procedure, relating to new trial in superior court.

951 P.2d 1232 (App.1997). Relying upon our opinion in *Campbell v. Chatwin*, 102 Ariz. 251, 257, 428 P.2d 108, 114 (1967), the court noted that the doctrine of exhaustion of administrative remedies does not apply where the remedy is permissive. *Southwestern Paint*, 191 Ariz. at 42, 951 P.2d at 1233. It then rejected *Herzberg*'s reading of A.R.S. § 12–901(2) and § 12–902(B). *Id.* at 43, 951 P.2d at 1234. The court held that the delayed finality of § 12–901(2) applies only when "an application for a rehearing or review is made," and thus the remedy is permissive. The court did not address *Herzberg*'s characterization of a rehearing as an "application for administrative review" within the meaning of § 12–902(B), but instead characterized that section as simply a timing provision. *Id.* The court then turned to A.A.C. R18–1–218(A)[4] and concluded that the agency rule was unambiguous in stating that rehearing is permissive. *Id.*

### B. Resolution

¶ 9 Although the court of appeals has grappled with this issue since its decision in *Herzberg* in 1976, this is an issue of first impression for us.

¶ 10 The linchpin of the *Herzberg* decision is its equation of a rehearing with an "application for administrative review" within the meaning of A.R.S. § 12–902(B). *Herzberg*, 27 Ariz.App. at 419, 555 P.2d at 678. But a request for rehearing is not an application for administrative review. The application for administrative review precedes the administrative decision from which any rehearing might be sought. We read § 12–902(B) as encompassing the traditional doctrine of exhaustion of administrative remedies and the words "petition for rehearing" or "request for rehearing" are notably absent from the administrative mechanisms listed there. Thus, § 12–902(B) does not answer the question raised in *Herzberg*.

¶ 11 Nor does § 12–901(2). We agree with the court below that the delayed finality

of that provision by its own terms applies only when "an application for a rehearing or review is made."

¶ 12 Neither § 12–901(2) nor § 12–902(B) answers the question whether a motion for rehearing is a prerequisite to judicial review. To the extent that *Herzberg, Dann,* and *Rosen* suggest otherwise they are expressly disapproved.

¶ 13 But what of A.R.S. § 41–1062(B)? Under it, agencies are required to provide an opportunity for rehearing before a decision becomes final. It also instructs agencies to draft rehearing rules as closely as practicable to Rule 59, Ariz. R. Civ. P. But by its own terms, A.R.S. § 41–1062(B) does not require a party to seek rehearing as a precondition to judicial review. It simply requires an agency to adopt a rule that provides an opportunity for rehearing. And the rule should look like Rule 59, Ariz. R. Civ. P. Yet we know that a party is not required to file a motion for new trial under Rule 59 in order to perfect an appeal from a final judgment in the superior court. A.R.S. § 12–2102(A)(1994).[5] To the extent that *Oliver v. State Land Dep't,* and *Oliver v. Arizona Dep't of Racing,* relied upon the predecessor to § 41–1062, (A.R.S. § 41–1010), they are expressly disapproved.

¶ 14 The statutes then, as they existed at all times relevant to this case, do not answer the question before us. We are left then with the argument that a motion for rehearing is part of the administrative process that must be exhausted under the general doctrine of exhaustion of administrative remedies in order to seek judicial review. But we have held that the exhaustion of administrative remedies doctrine does not apply in many circumstances, including those where the remedy is permissive. *Univar Corp. v. City of Phoenix,* 122 Ariz. 220, 224, 594 P.2d 86, 90 (1979); *Campbell v. Chatwin,* 102 Ariz. 251, 257, 428 P.2d 108, 114 (1967). We agree with the court below that the agency rule here is drafted in permissive terms.

---

4. A.A.C. R18–1–218(A) provides in relevant part: "[A]ny party in a contested case before the Department *may* file with the director not later than 15 days after service of a decision, a written motion for rehearing ...." (emphasis added).

5. Nor does a party have to file a motion for reconsideration in the court of appeals in order to file a petition for review in this court. Ariz. R. Civ.App. P. 22(a).

¶ 15 But there is a more critical reason why the exhaustion doctrine does not include a motion for rehearing. The administrative remedy that must be exhausted is the main event. When a party is aggrieved by agency action, it seeks administrative review, hearing, and final decision. This gives the agency an opportunity to review its action and apply its expertise. But once the agency makes its final decision the reasons for exhaustion disappear. The agency has already performed its statutory function. It has found facts and made conclusions of law. It has applied its expertise. *See generally McKart v. United States*, 395 U.S. 185, 193–95, 89 S.Ct. 1657, 1662–63, 23 L.Ed.2d 194 (1969).

¶ 16 After a full-blown hearing process and a final decision, there is little likelihood that anything will change on rehearing. Why then make it mandatory in the tens of thousands of cases in which it is useless? This would only add to the delay and expense of resolving the dispute. In those few cases in which rehearing makes sense, a permissive remedy is available. Indeed, in our view, there is harm in suggesting that a motion for rehearing is required. It suggests that the administrative decision from which rehearing is sought is not really final at all. This would give the agency a second or third opportunity to get it right when all its resources should be allocated to getting it right the first time.

¶ 17 Our review of the cases and treatises suggests no reason why final agency decisions should not be as final as the final judgments of a court. As noted, motions for new trial in the superior court are not a prerequisite to an appeal to the court of appeals, and a motion for reconsideration in the court of appeals is not a prerequisite to a petition for review in this court. Indeed, our experience with motions for rehearings or reconsideration in our courts has led to amendments to our rules that very seriously discourage them. *See* Unif. R. Practice Superior Ct. of Ariz. IV(h) (all motions for reconsideration, however denominated, shall be submitted without oral argument and without response or reply); Ariz. R. Civ.App.

P. 22(a) (a motion for reconsideration is not a prerequisite to the filing of a petition for review); Ariz. R. Civ.App. P. 22(b) (no response to a motion for reconsideration will be filed).

¶ 18 We are not alone in discouraging such practices. We note that under the federal Administrative Procedure Act, reconsideration of an otherwise final decision is not a prerequisite to judicial review. 5 U.S.C. § 704 (1994); *Darby v. Cisneros*, 509 U.S. 137, 113 S.Ct. 2539, 125 L.Ed.2d 113 (1993) (party not required to petition for rehearing before seeking judicial review); *see generally* II Kenneth Culp Davis & Richard J. Pierce, Jr., *Administrative Law Treatise* § 15.3 (3d ed.1994).

¶ 19 Finally, although not applicable to this case, our legislature has now squarely addressed this issue and, with an exception not applicable here,[6] after a hearing has been held and a final decision made, "a party is not required to file a motion for rehearing or review of the decision in order to exhaust party's administrative remedies." A.R.S. § 41–1092.09(A)(3) (Supp.1998).

¶ 20 The dissent contends that the legislature's acquiescence in *Herzberg* is suggestive of legislative intent. The argument is without merit for two independent reasons. First, the principle of legislative acquiescence applies only where a statute has been construed by the court of last resort, not an intermediate appellate court. *Calvert v. Farmers Ins. Co. of Arizona*, 144 Ariz. 291, 297, 697 P.2d 684, 690 (1985) ("*Owens* and progeny, however, were decided by the Court of Appeals, and not the court of last resort in this state, the Arizona Supreme Court. Thus this principle has no application to the case at bar."). Similarly, *Herzberg* and its progeny were decided by the court of appeals and not this court. As noted, this is a case of first impression for us.

¶ 21 Second, even if the principle were applicable, it is limited to instances in which the legislature has considered and declined to reject the relevant judicial interpretation. *Lowing v. Allstate Ins. Co.*, 176 Ariz.

6. The legislature expressly requires motions for rehearing, so far as we know, only in cases before self-supporting regulatory boards. A.R.S. § 41–1092.09(B)(Supp.1998).

101, 106, 859 P.2d 724, 729 (1993). We have squarely rejected the idea that silence is an expression of legislative intent. *Id.* Until the adoption of A.R.S. § 41–1092.09, all we had was silence on this issue. When the legislature finally spoke by adopting § 41–1092.09, it expressly rejected the rehearing rule except as to self-supporting regulatory boards under subsection B. It neither considered nor imposed a rehearing rule on agencies exempt from the Administrative Procedure Act under A.R.S. § 41–1092.02. As to those agencies, it remained silent. Thus, if rehearing was to be required for them, it would have had to arise out of the judicially created doctrine of exhaustion of administrative remedies. But as we have held, that doctrine does not require a motion for rehearing. Our holding today simply removes a judicially created barrier to judicial review. The legislature, of course, is free to impose such a requirement on exempt or non-exempt agencies just as it has done in § 41–1092.09(B). We therefore hold that unless expressly required by statute, the failure of a party to seek rehearing after final agency action is not a bar to judicial review.

### III.

¶ 22 Except insofar as it characterizes § 12–902(B) as only a timing provision, we approve of the opinion of the court of appeals, reverse the order of the trial court which granted the Department's motion to dismiss, and remand the case to the superior court for reinstatement of Southwestern's complaint and for further proceedings on it.

THOMAS A. ZLAKET, Chief Justice, STANLEY G. FELDMAN, Justice, concur.

McGREGOR, Justice, dissenting:

¶ 23 Today the majority rejects a longstanding judicial interpretation of the statutes that control this action. While I disagree with much of the majority's analysis, my greater concern lies with the impact of the decision upon the Administrative Procedure Act (APA),[1] recently adopted and amended by the Arizona legislature, and con-

current amendments to the Administrative Review Act (ARA).[2] Through the adoption and amendments, discussed below, the legislature attempted to clarify the circumstances under which a party to an administrative proceeding must file a petition for rehearing as a prerequisite to obtaining judicial review. As a result of the amendments, today's decision will not change the outcome of actions involving agencies such as the Department of Environmental Quality. Unfortunately, because the majority does not consider the interaction between its holding and the recent statutory changes, the effect of the holding is to negate, in part, the legislative intent evidenced by the statutes. I therefore respectfully dissent.

¶ 24 For more than two decades, Arizona's courts construed the statutes governing judicial review of administrative agency decisions as requiring that a party seeking judicial review first exhaust all administrative remedies, including petitioning for a rehearing if the agency involved made that procedure available. In 1975, after considering relevant portions of the ARA, the Court of Appeals concluded that a conjunctive reading of A.R.S. §§ 12–901.2 and 12–902.B manifested the legislature's clear intent that "[i]f a rehearing procedure is provided, either by statute or rule, a party aggrieved by an administrative decision must avail himself of such administrative review remedy as a condition precedent to judicial review." *Herzberg v. David,* 27 Ariz.App. 418, 419, 555 P.2d 677, 678 (1976). Until today's decision, every appellate decision to address that holding reaffirmed the approach taken in *Herzberg. See, e.g., Arizona Law Enforcement Merit System v. Dann,* 133 Ariz. 429, 432, 652 P.2d 168, 171 (App.1982) (failing to timely file a motion for rehearing or review bars judicial review and renders the agency's decision final); *Oliver v. Arizona Dep't of Racing,* 147 Ariz. 83, 86, 708 P.2d 764, 767 (App.1985) (where an agency is authorized under a statute or rule to rehear or review its decision, "an aggrieved party must avail himself of it before seeking judicial review"); *Rosen v.*

---

**1.** Arizona Revised Statutes (A.R.S.) §§ 41–1092 to 41–1092.12.

**2.** A.R.S. §§ 12–901 to 12–914.

*Board of Med. Examiners,* 185 Ariz. 139, 143, 912 P.2d 1368, 1372 (App.1995) (interpreting the use of the word "may" as giving the party an option "not to pursue any further review," but requiring a rehearing if judicial review is ultimately desired); *Oliver v. State Land Dep't,* 143 Ariz. 126, 130, 692 P.2d 305, 309 (App.1984) (construing agency's rule which used word "may" as requiring a party to file a motion for rehearing before judicial review is permitted). The rehearing requirement described in *Herzberg,* and the justification for it, were clearly understood and guided the proceedings before Arizona's administrative agencies. Indeed, to understand how firmly the *Herzberg* rule was established, one need look no further than to the majority's opinion, which can reach its conclusion only by expressly disapproving five prior appellate decisions.[3]

**3.** Although the majority expressly disapproves those five decisions, many other decisions include statements inconsistent with today's holding. *See, e.g., Hamilton v. State,* 186 Ariz. 590, 593, 925 P.2d 731, 734 (App.1996) ("failure to exhaust administrative remedies deprives the superior court of authority to hear the party's claim"); *Estate of Bohn v. Waddell,* 174 Ariz. 239, 245–46, 848 P.2d 324, 330–31 (App.1992) (even when the word "may" in the administrative appeal statute is used, judicial relief is not available until a party has "fully utilized" and exhausted all administrative remedies); *Gilbert v. Board of Med. Examiners,* 155 Ariz. 169, 174, 745 P.2d 617, 622 (App.1987) ("[f]ailure to appeal a final administrative decision makes that decision final and *res judicata*"); *Minor v. Cochise County,* 125 Ariz. 170, 172, 608 P.2d 309, 311 (1980) (where agency considers claim in the first instance, exhaustion of administrative remedies applies); *Campbell v. Mountain States Tel. & Tel. Co.,* 120 Ariz. 426, 429, 586 P.2d 987, 990 (App. 1978) (once an agency is given original jurisdiction over a claim, exhaustion of remedies applies and rehearing before that agency must be sought before judicial review occurs); *Univar Corp. v. City of Phoenix,* 122 Ariz. 220, 223, 594 P.2d 86, 89 (1979) (recognizing that exhaustion of administrative remedies is a "firmly entrenched" doctrine in Arizona); *State ex rel. Dandoy v. City of Phoenix,* 133 Ariz. 334, 337, 651 P.2d 862, 865 (App.1982) (judicial review of legal or factual challenges to an agency decision are precluded unless timely review is sought in the manner provided by the ARA); *City of Tucson v. Superior Court,* 127 Ariz. 205, 209, 619 P.2d 33, 37 (App. 1980) ("failure to exhaust administrative remedies bars" filing of judicial lawsuit); *Medina v. Arizona Dep't of Transp.,* 185 Ariz. 414, 418, 916 P.2d 1130, 1134 (App.1995) ("exhaustion of remedies is generally a prerequisite to judicial relief"); *Kerr v. Waddell,* 185 Ariz. 457, 916 P.2d 1173 (App.1996) (administrative remedies must be exhausted before a claim may be judicially reviewed); *Estate of Bohn v. Scott,* 185 Ariz. 284, 915 P.2d 1239, 1246 (App.1996) (matters properly the subject of an administrative process are barred from judicial relief for failure to "exhaust administrative remedies"); *Southwest Ambulance v. Superior Court,* 187 Ariz. 290, 293–94, 928 P.2d 714, 717–18 (App.1996) (a trial court may not exercise jurisdiction over a claim that is subject to administrative proceedings unless the party has first exhausted its administrative remedies); *United Association of Journeymen v. Marchese,* 81 Ariz. 162, 302 P.2d 930 (1956) (recognizing the general principle that where the agency has primary jurisdiction judicial relief is unavailable until administrative remedies have been exhausted); *Zeigler v. Kirschner,* 162 Ariz. 77, 85, 781 P.2d 54, 62 (App.1989) (generally, failure to exhaust an administrative agency's hearing and review process prevents later judicial review); *Sanchez–O'Brien Minerals Corp. v. State,* 149 Ariz. 258, 261, 717 P.2d 937, 940 (App.1986) (recognizing that judicial review is precluded by a failure to utilize and exhaust administrative review procedures); *Owens v. City of Phoenix,* 180 Ariz. 402, 409, 884 P.2d 1100, 1107 (App.1994) (claimants usually must exhaust administrative remedies "before seeking judicial relief"); *Wammack v. Industrial Comm'n of Arizona,* 83 Ariz. 321, 327, 320 P.2d 950, 954 (1958) (an agency must be given an opportunity to correct errors through a rehearing procedure before judicial review is permitted); *Ross v. Industrial Comm'n of Arizona,* 82 Ariz. 9, 307 P.2d 612 (1957) (claimants must first seek and procure the agency's decision on rehearing before review by the court is permitted); *Cochise County v. Kirschner,* 171 Ariz. 258, 830 P.2d 470 (App.1992) (when claims properly arise under the jurisdiction of an agency, exhaustion of remedies must occur before a lawsuit will be entertained); *Third & Catalina v. City of Phoenix,* 182 Ariz. 203, 207, 895 P.2d 115, 119 (App.1994) (failure to exhaust administrative remedies bars judicial review); *Brown v. Industrial Comm'n of Arizona,* 168 Ariz. 287, 812 P.2d 1105 (App.1991) (unless a party satisfies the doctrine of exhaustion of administrative remedies by filing a motion for review, a court will not consider the issue); *St. Mary's Hosp. and Health Center v. State,* 150 Ariz. 8, 721 P.2d 666 (App.1986) (judicial review is unavailable until claimants exhaust their administrative remedies, which includes review of their claims); *Schmitz v. Arizona State Bd. of Dental Exam.,* 141 Ariz. 37, 684 P.2d 918 (App.1984) (exhaustion of remedies is required prior to judicial review in order to permit the agency to correct its errors); *Flannery v. Industrial Comm'n of Arizona,* 3 Ariz. App. 122, 412 P.2d 297 (1966) (seeking a rehearing of an agency's decision is a condition precedent to obtaining judicial review and satisfying the exhaustion of remedies doctrine); *Pima Mining Co. v. Industrial Comm'n of Arizona,* 11 Ariz. App. 480, 466 P.2d 31 (1970) (exhaustion of remedies requires a party to permit an agency to

¶ 25 The legislature long acquiesced in the *Herzberg* rule. Because responsibility for defining the circumstances under which a party can obtain judicial review of an agency decision lies with the legislature, *see County of Pima v. Department of Revenue*, 114 Ariz. 275, 560 P.2d 793 (1977); *RCJ Corp. v. Department of Revenue, Maricopa County*, 168 Ariz. 328, 812 P.2d 1146 (Tax 1991), the legislature could have amended the statutes if it believed the courts had misconstrued the legislature's intent. From 1975 to 1996, however, the legislature did not modify the rule announced in *Herzberg*. The legislature's failure to modify a judicially-interpreted statute, while not conclusive of its intent, provides some indication that the legislature agrees with the judicial interpretation. *See Lowing v. Allstate Ins. Co.*, 176 Ariz. 101, 106, 859 P.2d 724, 729 (1993); *State v. Aro*, 188 Ariz. 521, 524, 937 P.2d 711, 714 (App. 1997). In addition, state agencies, including the Arizona Department of Environmental Quality, enacted regulations that the agencies interpreted as requiring a party to move for rehearing as a prerequisite to judicial review.[4] Although agency interpretations of their own rules do not bind this Court, we regard them as highly persuasive. *See Capitol Castings v. Arizona Dep't of Economic Sec.*, 171 Ariz. 57, 60, 828 P.2d 781, 784 (App.1992); *Baca v. Arizona Dep't of Economic Sec.*, 191 Ariz. 43, 45–46, 951 P.2d 1235, 1237–38 (App.1998).

¶ 26 The *Herzberg* rule, aided by agency rules enacted in reliance on that decision, controlled judicial review of agency decisions until statutory changes became effective in 1996. After completing a comprehensive review of the statutes governing appeals from administrative decisions, the legislature enacted significant changes to the statutes governing judicial review of administrative decisions.[5] The APA now expressly provides

reconsider its decision by seeking a rehearing before pursuing judicial review); *Stevens v. Industrial Comm'n of Arizona*, 104 Ariz. 293, 451 P.2d 874 (1969) (a party must exhaust its administrative remedies by petitioning for a rehearing from an agency's initial decision prior to seeking judicial review); *State v. Arizona Corp. Comm'n*, 94 Ariz. 107, 382 P.2d 222 (1963) (a party may seek judicial review only after it has petitioned the agency for a rehearing of the administrative decision); *Ross v. Industrial Comm'n of Arizona*, 20 Ariz.App. 353, 513 P.2d 143 (1973) (a party must request a rehearing by the agency before petitioning for judicial review); *Fernandez v. Industrial Comm'n of Arizona*, 4 Ariz.App. 445, 421 P.2d 341 (1966), *vacated on other grounds*, 102 Ariz. 50, 424 P.2d 451 (1967) (petitions for rehearing are necessary predicates to seeking judicial review of administrative decisions).

**4.** The Department of Environmental Quality asserted in this action that it interpreted Arizona Administrative Code (AAC) R18–1–218 as requiring a party to seek rehearing as a prerequisite to judicial review.

**5.** *See* A.R.S. § 41–1092, amended by Laws 1996, Ch. 102, § 44, effective July 20, 1996, Laws 1997, Ch. 221, § 184, effective July 21, 1997, and Laws 1998, Ch. 57, § 58, effective August 21, 1998; A.R.S. § 41–1092.01, amended by Laws 1996, Ch. 102, § 45, effective July 20, 1996, Laws 1997, Ch. 221, § 185, effective July 21, 1997, and Laws 1998, Ch. 57, § 59, effective August 21, 1998; A.R.S. § 41–1092.02, amended by Laws 1996, Ch. 102, § 46, effective July 20, 1996, Laws 1996, Ch. 324, § 9, effective July 20, 1996, Laws 1997, Ch. 221, § 186, effective July 21, 1997, Laws 1997, Ch. 224, § 3, effective January 1, 1998, Laws 1998, Ch. 276, § 42, effective August 21, 1998 until January 1, 1999, Laws 1998, Ch. 214, § 17, effective August 21, 1998 until January 1, 1999, Laws 1998, Ch. 1, § 118, effective January 1, 1999, Laws 1998, Ch. 57, § 60, effective August 21, 1998, Laws 1998, Ch. 214, § 18, effective January 1, 1999 until July 1, 1999, and Laws 1998, Ch. 214, § 19, effective July 1, 1999, and repealed by Laws 1998, Ch. 214, § 20, effective January 1, 1999 as to amendments by Laws 1997, Ch. 221, § 186, Laws 1997, Ch. 224, § 3 and Laws 1998, Ch. 214, § 17; A.R.S. § 41–1092.03, amended by Laws 1997, Ch. 221, § 187, effective July 21, 1997; A.R.S. § 41–1092.04, added by Laws 1996, Ch. 102, § 47, effective July 20, 1996; A.R.S. § 41–1092.05, amended by Laws 1997, Ch. 221, § 188, effective July 21, 1997 and Laws 1998, Ch. 57, § 61, effective August 21, 1998; A.R.S. § 41–1092.06, amended by Laws 1997, Ch. 129, § 1, effective July 21, 1997; A.R.S. § 41–1092.07, amended by Laws 1996, Ch. 102, § 76, effective July 20, 1996; A.R.S. § 41–1092.08, amended by Laws 1997, Ch. 221, § 189, effective July 21, 1997 and Laws 1998, Ch. 57, § 63, effective August 21, 1998; A.R.S. § 41–1092.09, amended by Laws 1997, Ch. 221, § 190, effective July 21, 1997 and Laws 1998, Ch. 57, § 64, effective August 21, 1998; A.R.S. § 41–1092.10, added by Laws 1998, Ch. 57, § 66, effective August 21, 1998; A.R.S. § 41–1092.11, amended by Laws 1996, Ch. 102, § 76, effective July 20, 1996, and repealed by Laws 1998, Ch. 57, § 65, effective August 21, 1998 as to amending Laws 1996, Ch. 102, § 47; and A.R.S. § 41–1092.12, added by Laws 1998, Ch. 85, § 1, effective August 21, 1998. Because those amendments became effective after this action began, they do not apply here.

that, as to many administrative agencies, "a party is not required to file a motion for rehearing or review of the decision in order to exhaust the party's administrative remedies." A.R.S. § 41–1092.09.A.3.

¶ 27  We presume that, when the legislature amends the law, it intends to effect a change in the law. *See State v. Garza Rodriguez,* 164 Ariz. 107, 111, 791 P.2d 633, 637 (1990). There can be little doubt that the legislature intended to change the *Herzberg* rehearing rule when it adopted the APA. Indeed, the legislative history reveals that the legislature revised the *Herzberg* rule because it concluded that the rehearing requirement had come to effectively deprive some parties, particularly those not represented by attorneys, of the opportunity for judicial review.[6] The legislative history therefore supports the conclusion that the legislature, like the administrative agencies, understood that the pre–1996 statutes permitted judicial review only after an administrative agency ruled on a party's motion for rehearing.

¶ 28  Because the Department of Environmental Quality is one of the agencies that now falls within the APA's "no rehearing" provision, a party in Southwest's position in the future will not be required to file a petition for rehearing to obtain judicial review of a final administrative decision. If today's holding did no more than affirm, as a matter of judicial construction, the principle that the legislature clearly expressed by adopting the APA, today's opinion could be regarded as an unnecessary but harmless academic exercise. However, the opinion does more: it undermines the legislative intent underlying other portions of the APA and the amended ARA.

¶ 29  In revising the APA to identify those instances in which a party need not file a rehearing request to obtain judicial review, the legislature also clearly instructed that two groups of agencies fall outside the "no-rehearing" provision. First, the legislature required parties seeking judicial review of a decision by one of the twenty-nine self-supporting regulatory boards listed in A.R.S. § 41–1092.7 to first file a motion for rehearing. *See* A.R.S. § 41–1092.09.B. Today's decision does not affect that legislative direction, because the majority's decision applies only when a statute does not state to the contrary. Thus, no conflict exists here between the Court's opinion and the statutes: a motion for rehearing still is required to obtain review of the final decision of a self-supporting regulatory board.

¶ 30  The second legislative exception from the "no-rehearing" rule, however, does result in an inconsistency between the majority's holding and the legislative scheme. Because the APA does not apply to those agencies listed in A.R.S. § 41–1092.02,[7] the new statutory "no-rehearing" rule does not reach those agencies. Given that the legislature did not change the *Herzberg* rule as to these agencies, the legislative intent as to exempt agencies seems apparent: the legislature must have intended that the rule established in *Herzberg* should remain in effect.[8] As to those agencies, then, the legislature intended

---

6.  *See* Ariz. State Senate, 42nd Leg., 2d Reg. Sess., Minutes of Committee on Government Reform, January 30, 1996.

7.  The APA does not apply to the following agencies: State Department of Corrections; Board of Executive Clemency; Industrial Commission of Arizona; Arizona Corporation Commission; Arizona Board of Regents and institutions under its jurisdiction; State Personnel Board; Department of Juvenile Corrections; Department of Transportation; Arizona Health Care Cost Containment System; Department of Economic Security except as provided in A.R.S. §§ 8–506.01 and 8–811; Department of Revenue regarding income tax, withholding tax or estate tax or any tax issue related to information associated with the reporting of income tax, withholding tax or estate tax; Board of Tax Appeals; or the State Board of Equalization.

8.  It is worth noting that a number of the exempt agencies have adopted rules substantially similar to that relied upon by the Department of Environmental Quality to require a motion for rehearing or review before seeking judicial review. *E.g.,* Industrial Comm'n of Arizona, AAC R20–5–313.E, R20–5–314.A and E, R20–5–737, and R20–5–738; Department of Revenue, AAC R15–7–621.A and R15–7–622; Department of Transp., AAC R17–4–912.A and J; and Department of Health Services, AAC R9–21–407.D and R9–21–408.

to require a party seeking judicial review to first file a motion for rehearing.[9]

¶31 The majority decision, however, must be read as holding that no motion for rehearing is required, even when the administrative decision is handed down by an exempt agency, because no statute expressly requires the rehearing process. The opinion does not explain why this Court should unravel the legislature's apparently careful distinction among those agencies whose decision is not final until a motion for rehearing is resolved and those agencies whose decisions are final without such a motion. I would defer to the judgment of the legislature in this area.

¶32 For the foregoing reasons, I would vacate the decision of the court of appeals and affirm the judgment of the trial court.

CHARLES E. JONES, Vice Chief Justice, concurs.

---

9. The scope of the legislative distinction between exempt and non-exempt agencies is exemplified by A.R.S. § 12–910, which permits a trial *de novo* as part of the judicial review of final decisions of exempt agencies, but does not provide that proceeding in cases involving non-exempt agencies.