276 P.3d 540

Marshal CASTLE, Plaintiff/Appellant,

v.

BARRETT–JACKSON AUCTION COM-
PANY, LLC, an Arizona limited liabil-
ity company, Defendant/Appellee.

**No. 1 CA–CV 10–0851.**

Court of Appeals of Arizona,
Division 1, Department E.

May 10, 2012.

Porter Law Firm By Robert S. Porter, Phoenix, Attorneys for Plaintiff/Appellant.

Squire, Sanders & Dempsey, LLP By George Brandon, Phoenix, Attorneys for Defendant/Appellee.

## OPINION

OROZCO, Judge.

¶ 1 Appellant Marshal Castle appeals the superior court's dismissal of his claim for violation of Arizona's Consumer Fraud Act (the Act), Arizona Revised Statutes (A.R.S.) sections 44–1521 through 44–1534 (2003 & Supp. 2010), against Appellee Barrett–Jackson Auction Company, LLC (Barrett–Jackson). Castle also argues that the trial court erred in denying his request to amend the complaint and in awarding Barrett–Jackson its attorney fees. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Barrett–Jackson conducts automobile auctions in Arizona. The vehicles available at these auctions belong to consignors, who pay a commission to Barrett–Jackson for the sale of their vehicles.

¶ 3 On January 22, 2010, Barrett–Jackson offered a 1957 Thunderbird Convertible 'E' Type (the Vehicle) at auction. Castle was the highest bidder. He later filed a complaint against Barrett–Jackson and the seller of the Vehicle, Bill Tyson dba Auto X Press. Castle subsequently filed a First Amended Complaint (FAC) and pled a consumer fraud claim against Barrett–Jackson.

¶ 4 Barrett–Jackson moved to dismiss the FAC on the grounds that it had not made any representations about the Vehicle and Castle had not alleged that he relied on any representations made by Barrett–Jackson. In support of its motion, Barrett–Jackson submitted copies of its Bidder Agreement with Castle, the window sticker for the Vehicle (known as a Car Card), and the Event Program for the auction. In each document, Barrett–Jackson disclaimed that it had made any representations concerning any auction vehicle and declared that each vehicle description was the responsibility of the consignor.

¶ 5 Castle opposed the motion, arguing that he alleged in the FAC that Barrett–Jackson misrepresented the Vehicle and that its standardized form documents and disclaimers did not relieve it from liability for consumer fraud. He also argued that he was

not required to prove reasonable reliance on Barrett–Jackson's misrepresentations in order to state a claim for consumer fraud.

¶ 6 The court granted the motion and denied Castle leave to amend his complaint. Castle timely appealed. We have jurisdiction pursuant to A.R.S. § 12–2101(A)(1) (Supp. 2011).[1]

## DISCUSSION

 ¶ 7 Castle argues the trial court erred in dismissing his complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6)of the Arizona Rules of Civil Procedure. When Barrett–Jackson filed its motion to dismiss, it attached copies of Castle's Bidder Agreement, the Car Card for the Vehicle, and the Event Program. On appeal, the parties do not take issue with the trial court's decision to consider these documents without converting the motion to dismiss to a motion for summary judgment. *See* Ariz. R. Civ. P. 12(b); *Yollin v. City of Glendale*, 219 Ariz. 24, 27, ¶ 6, 191 P.3d 1040, 1043 (App.2008) (basing summary judgment conversion on incorporation of a notice of claim and other documents filed with response to motion to dismiss). We find that Castle has waived any argument that conversion was required; therefore, we do not address the issue.

¶ 8 We review a trial court's order granting a motion to dismiss for abuse of discretion and review questions of law de novo. *Dressler v. Morrison*, 212 Ariz. 279, 281, ¶ 11, 130 P.3d 978, 980 (2006). We accept factual allegations in the complaint as true and "resolve all inferences in favor of the plaintiff." *Sw. Paint & Varnish Co. v. Ariz. Dep't of Env'tl Quality*, 191 Ariz. 40, 41, 951 P.2d 1232, 1233 (App.1997), *approved in part*, 194 Ariz. 22, 976 P.2d 872 (1999). We will uphold dismissal only if the plaintiff would not be entitled to relief under any set of facts. *Id.*

 ¶ 9 The Act provides:

The act, use or employment by any person of any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice.

A.R.S. § 44–1522(A) (Supp.2011). "The elements of a private cause of action under the [A]ct are a false promise or misrepresentation made in connection with the sale or advertisement of merchandise and the hearer's consequent and proximate injury." *Dunlap v. Jimmy GMC of Tucson, Inc.*, 136 Ariz. 338, 342, 666 P.2d 83, 87 (App.1983).

 ¶ 10 Castle argues that Barrett–Jackson violated the Act by falsely representing on the Car Card that the Vehicle had undergone a "professional off-body" restoration and was in drivable condition. The FAC, however, does not allege that the misrepresentations were made by Barrett–Jackson; instead it merely alleges the Car Card and Event Program contained misrepresentations without identifying who made the misrepresentations.

 ¶ 11 Furthermore, Castle agreed and acknowledged prior to the auction that Barrett–Jackson had not made any representations concerning the Vehicle. The Bidder Agreement, which Castle signed, disclaimed any representations by Barrett–Jackson concerning any vehicle sold at auction. In particular, it stated the seller provided all descriptions and information and Barrett–Jackson did not verify that information. The Car Card contained a description of the Vehicle, but it stated that a buyer should not rely on the description as a representation of fact and should "conduct any inspections and examination necessary to satisfy himself of all material facts before making any bid." The Event Program reiterated that each vehicle description was provided by the consignor and further stated:

Barrett–Jackson makes no express or implied warranty or representation of any kind or nature with respect to particular items sold at auction. In no way shall Barrett–Jackson be responsible for cor-

---

1. We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

rectness of, or be deemed to have made any representations or warranty of merchantability, fitness for use, description, size, genuineness, attribution, provenance or condition concerning vehicles and/or other memorabilia.

These documents, on which Castle's claim is based, make clear that the representations at issue were made by the seller, not Barrett–Jackson.[2]

■ ¶ 12 Nevertheless, Castle argues that the Bidder Agreement is unenforceable because a party may not contractually free itself of liability for its own fraud. *See e.g., Lutfy v. R.D. Roper & Sons Motor Co.,* 57 Ariz. 495, 506, 115 P.2d 161, 166 (1941) ("[A]ny provision in a contract making it possible for a party thereto to free himself from the consequences of his own fraud in procuring its execution is invalid."). The Bidder Agreement does not purport to relieve Barrett–Jackson of liability for its own fraud but rather evidences Castle's agreement that Barrett–Jackson did not make any representations concerning the Vehicle. We therefore reject Castle's argument that the Bidder Agreement is an unenforceable waiver of a claim against Barrett–Jackson for consumer fraud.

■ ¶ 13 Castle also contends that the Bidder Agreement and Car Card were not binding on him because they contain provisions that violated his reasonable expectations. We disagree.

■■ ¶ 14 In *Darner Motor Sales, Inc. v. Universal Underwriters Ins. Co.,* 140 Ariz. 383, 390, 682 P.2d 388, 395 (1984), our supreme court adopted the doctrine of reasonable expectations, which allows enforcement of standardized contracts even when the consumer has not read the agreement or specifically assented to each of the terms. The doctrine provides, however, that if the drafting party has "reason to believe" that the signing party would not accept a particular term, the court may strike that term from the agreement. *Id.* at 391, 393–94, 682 P.2d at 396, 398–99. The drafter's reason to believe that the signing party would not have assented to the term may be: (1) shown by the parties' prior negotiations; (2) inferred from the circumstances of the transaction; (3) inferred from the fact that the term is bizarre or oppressive; (4) inferred from the fact that the term eviscerates the non-standard terms to which the parties explicitly agreed; or (5) inferred if the term eliminates the dominant purpose of the transaction. *Id.* at 392, 682 P.2d at 397 (quoting Restatement (Second) of Contracts § 211 cmt. f).

¶ 15 Here, Castle has not pointed to anything in the record that would indicate that any of these conditions apply, but simply insists that because the wording at issue appears in small print he could not have been expected to read or understand it. We reject his argument[3] and find the trial court properly granted Barrett–Jackson's motion to dismiss.[4]

2. Castle also alleged Barrett–Jackson falsely represented that Bill Tyson was the consignor of the Vehicle and omitted or failed to disclose that the true name of the consignor was Bill Tyson dba Auto X Press. However, the designation "d/b/a," or "doing business as," does not create a separate legal or factual entity distinct from the person operating the business. *State v. Ivanhoe,* 165 Ariz. 272, 274, 798 P.2d 410, 412 (1990).

3. We are not persuaded by the authority Castle cites because those cases did not concern Arizona's reasonable expectations doctrine but instead address egregious examples of deceptive draftsmanship not present here. *See Parton v. Mark Pirtle Oldsmobile–Cadillac–Isuzu, Inc.,* 730 S.W.2d 634, 638 (1987) (fine print provision purported to relieve defendant automobile repair shop of liability for damages that might occur while vehicle was in its possession; record contained no evidence that plaintiff had actual knowledge of the provision or that a person of ordinary intelligence and experience would ex-

pect the agreement to contain such a provision); *Owens v. Italia Societa Per Azione Navigazione–Genova,* 70 Misc.2d 719, 724, 334 N.Y.S.2d 789 (1972) (describing terms and conditions that purported to relieve defendant of liability as "so tucked away, so camouflaged by the surrounding Italian text, and so miniscule in presentation" that they could only be located "after the most diligent search, if one knows beforehand that it actually exists"); *Lisi v. Alitalia–Linee Aeree Italiane, S.P.A.,* 253 F.Supp. 237, 239–40, 243 (S.D.N.Y.1966) (describing limitation and exclusion provisions invoked by defendant as "virtually invisible" and "so artfully camouflaged that their presence is concealed").

4. Because we determine that Barrett–Jackson made no representations concerning the Vehicle, we do not consider whether Castle adequately pled reliance or whether the superior court erred in denying his motion for leave to amend the FAC. Furthermore, due to the language in the

## Attorney Fees

¶ 16 Castle contends the trial court erred in awarding attorney fees to Barrett–Jackson. The sole basis for the challenge is that Barrett–Jackson should not have prevailed and therefore was not entitled to fees. Because we affirm the trial court's granting of the motion to dismiss, we also affirm the award of attorney fees.

¶ 17 Both parties request an award of attorney fees on appeal pursuant to the Bidder Agreement and A.R.S. § 12–341.01 (2003), which provides for a discretionary award of fees to the successful party in an action arising out of a contract. Barrett–Jackson also requests an award of costs. In the Bidder Agreement, Castle expressly agreed "not to join Barrett–Jackson as a defendant in any action or proceeding arising directly or indirectly out of the condition of the [Vehicle] or any alleged representations concerning the [Vehicle]." Castle also agreed that if he did not comply, he would "reimburse Barrett–Jackson for all costs, expenses and fees, including attorney fees, in defense of such claims." Because we have no discretion to deny an award mandated by the parties' contract, *Bennett v. Appaloosa Horse Club*, 201 Ariz. 372, 378, ¶ 26, 35 P.3d 426, 432 (App.2001), we award Barrett–Jackson its reasonable attorney fees and costs on appeal, upon its compliance with Arizona Rule of Civil Appellate Procedure 21.

### CONCLUSION

¶ 18 For the foregoing reasons we affirm the superior court's granting of the motion to dismiss, the denial of the motion to amend and the award of attorney fees to Barrett–Jackson.

CONCURRING: DIANE M. JOHNSEN, Presiding Judge, and MARGARET H. DOWNIE, Judge.

relevant documents, any amendment to the FAC would have been futile.